PORT ARTHUR RICE MILLING CO. v. BEAUMONT RICE MILLS et al.

(Supreme Court of Texas.   June 19, 1912.)

APPEAL AND ERROR (§ 820*) — HEARING — ORAL ARGUMENT—DISCRETION OF COURT.

Under the statute requiring notice of the filing of applications for writs of error, and providing that where an answer is filed the Supreme Court may in its discretion, when the writ is granted, decide the case without a formal submission, the Supreme Court may grant an application for a writ of error and determine the questions without oral argument; but, where the ends of justice may be best subserved by oral argument, it will permit one.

[Ed. Note.—For other cases. see Appeal and Error, Cent. Dig. §§ 3201, 3203; Dec. Dig. § 820.*]

On motion for rehearing.   Granted.

For former opinion, see 143 S. W. 926.

DIBRELL, J.   On a former day of this term of court, the judgment of the Court of Civil Appeals in this cause was reversed and the judgment of the lower court affirmed. The cause was among the first to come under the new statute requiring notice to be given of the filing of applications for writs of error, and providing that where an answer is filed the court may in its discretion, when the writ is granted, decide the case without a formal submission thereof. Upon an investigation of the application for writ of error in the present case, the court was of opinion the writ should be granted, and at the same time it was thought the questions involved were not of such importance as to demand oral argument in aid of their solution, and the case was decided upon the briefs and written arguments of the parties. In due time a motion for rehearing was filed and overruled. Subsequent thereto a motion was filed by the defendant in error's counsel urging with unusual insistence that they misconceived the effect and purpose of the new statute, and that they did not conceive that it authorized the court to decide the case without a formal submission and opportunity for oral argument. In view of these facts and circumstances, the court is not inclined to deprive any litigant of the opportunity of oral argument, which is always helpful to the court in arriving at a correct decision of the case in hand, the sole aim and desire of the court. It is thought the ends of justice may be best subserved by setting aside the former judgment and order of this court and granting a re-

hearing. In doing this we desire to say that we have not changed our view of the law of the case as expressed in the written opinion, and will adhere to that view, unless it can be shown that we have misconceived the material facts as disclosed by the record and bearing upon the legal points determined in the opinion.

A rehearing is now granted, and the case will be set down for argument at an early day.

PHILLIPS, J., not sitting.