# JANUARY 17, 1940

## WINCE ANDERSON V. THE STATE.

No. 20639. Delivered December 6, 1939.
Rehearing Denied January 17, 1940.

The opinion states the case.

*James E. Faulkner,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of arson, and sentenced to a term of seven years in the penitentiary.

There are no bills of exceptions in the record, and we are relegated to the statement of facts in order to ascertain their sufficiency.

It appears that sometime before November 8, 1938, Mr. J. H. Fears had had a difficulty with the appellant at a syrup mill and had shot him. It appears from the testimony that after

such difficulty the appellant made a threat that he would get even with Mr. Fears if it was the last thing he did in the world. Soon after such difficulty Mr. Fears had had his barn insured as well as his house, and on November 8th, sometime in the early part of the morning, this house was burned to the ground and Mr. Fears saved practically nothing therefrom. The testimony connecting appellant therewith is largely circumstantial, and the court gave a charge on circumstantial evidence.

It seems that there was a good deal of loose dirt piled up against Mr. Fears' garden fence, and soon after the burning of the house fresh tracks were found therein that fitted the shoe of appellant. It was shown that these tracks had a peculiar heel thereto, and tracks that fitted appellant's shoe with the peculiar heel were found not only leading to the burned house but also away therefrom until they terminated at appellant's home. There were also persons who saw appellant within about one hundred yards of this house, in the night time, at approximately the time this house was discovered to be on fire. Mr. Hollis Owens testified that he had known defendant Wince Anderson ever since he was a boy nine or ten years old, and on the night of this fire he saw appellant "hobbling along and had a syrup bucket in his hand;" saw him somewhere around 12 o'clock at night on the road that led away from the burned house, about one hundred yards away from it. Ham Fears, a nephew of the person whose house was burned, was with Hollis Owens at the time, and he testified to the same facts. He said that appellant "was over in a ditch bent down and looked up toward the car the last time I saw him." Mr. Whitehead, an officer, testified that he was following the tracks that led from the burned house towards appellant's house and found a syrup bucket a few feet over in some briars and bushes close to these tracks and there was a tablespoonful of gasoline in the bucket, maybe a little more. Mr. Robert Webb also testified that he passed the home of Mr. Jake Fears on the night of its destruction about twelve or one o'clock; that he passed the Fears boy and another boy (Hollis Owens) and stopped to let them by, and as he came over the hill where the home was afterwards burned he saw Wince Anderson, appellant, trying to get through the fence at the garden, and the appellant fell and threw up his arm, and he had a bucket.

The appellant offered an alibi, supported by the testimony of his wife and his mother-in-law, who testified he was at his home in bed all the night of November 8, 1939.

Under the rules of circumstantial evidence we are of opinion these facts are sufficient to establish the guilt of appellant in burning this house.

One question that has been presented to us in the brief as well as in the exceptions to the court's charge, is requested charge No. 1 as follows: "If you believe from the evidence in this case that the prosecuting witness Jake Fears burned or caused to be burned the house in question, or if you have a reasonable doubt thereof, you will acquit the defendant." The court refused this instruction, and it is insisted by appellant that the same should have been given under the authorities listed by him, the chief of which is the case of Wheeler v. State 121 S. W. Rep. 166.

In the instant case the only possible testimony that could be said to implicate Mr. Fears in the burning of his own house is the fact that he took out an insurance policy thereon after his trouble with this appellant, and after the destruction of the house collected the amount of approximately a thousand dollars thereon. There is no testimony of any kind showing that he had anything to do with setting the house on fire, and in the Wheeler case, supra, it is to be noted that the court charged upon reasonable doubt, the defense of alibi and circumstantial evidence, and limited the right of the State to a conviction proving appellant guilty by legal evidence beyond a reasonable doubt, but this court went further in its opinion, and we find therein the following: "The charge upon alibi and that upon circumstantial evidence negatively, perhaps, presents the issues. It has been, as before stated, the universal rule in Texas to hold that wherever a defensive matter is set up, and supported by facts, the accused is entitled to an affirmative charge on that defensive matter. The law is not satisfied with a negative presentation, and it has been held directly that where there is evidence that another, or others, may have committed the crime, and not the accused, the court must submit this issue to the jury. Kirby v. State, 49 Tex. Cr. R. 517, 93 S. W. 1030. For a discussion of the matter generally, see Harrison v. State, 47 Tex. Cr. R. 393, 83 S. W. 699; also Hart v. State, 15 Tex. App. 204, 49 Am. Rep. 188; McInturf v. State, 20 Tex. App. 335; Leonard v. Washington Territory, 2 Wash. T. 396, 7 Pac. 878; Kunde v. State, 22 Tex. App. 97, 3 S. W. 325; Coffelt v. State, 19 Tex. App. 442; Murphy v. State, 36 Tex. Cr. R. 24, 35 S. W. 174; Sawyers v State, 15 Lea (Tenn.) 694."

It is to be noted from the above excerpt from the Wheeler case, supra, that it is the universal rule in Texas to hold that

wherever a defensive matter is set up, and supported by facts, the accused is entitled to an affirmative charge on that defensive matter, but we are of opinion in this case that though the defensive matter might have been set up, it is totally unsupported by any facts herein. Evidently the holding in the Wheeler case, supra, and other cases of like nature, demands that there should be some support of any fancied defensive matter set up before it becomes the duty of the court to charge thereon. We might say that there were other persons traveling the road the night appellant was found on same, and therefore it became the duty of the court to charge the jury that if they believed any of these other persons traveling the road had set this house afire and burned it, to acquit the defendant, then it would become practically impossible to ever finish the trial of a case of this kind. As we understand the Wheeler case, and cases following, there must be some affirmative matter supported by facts that some other person than the appellant had actually participated in the burning of this house before it would become necessary to give in charge to the jury such defensive matter as was requested herein by the appellant, that is, that Jake Fears was the person who burned his own house. We find no testimony calling for such charge.

We are unable to find any error in this record, and this judgment is therefore affirmed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The youthful attorney for the appellant has filed a motion for rehearing, if we may call it such, much out of the ordinary. While the nature of the instrument appears to be inexcusable it may well be accounted for and clearly indicates the wrong view which one may have as to the purpose of a motion for rehearing. This court considers seriously and with full appreciation every helpful expression presented in a motion for rehearing, whether by the State or by the appellant, and we regret that, even though counsel has demonstrated a seriousness of purpose, he has devoted none of the seven pages and more to a helpful discussion of the questions involved in the case. We do understand from it, however, that he means to complain because this court did not sustain his contention that his special requested charge on the affirmative defense should have been given by the trial court. We have, therefore, in the

serious consideration of this old negro man's case, gone fully into the record, re-read all of the testimony and reconsidered the entire record. We find no bills of exception, and no fundamental error is discoverable from the record.

While the rules of this court have not been complied with in presenting the one error complained of, we will, nevertheless, reiterate, as said in the original opinion, that the evidence wholly fails to connect the prosecuting witness with the burning of the house. The fact that he was personally present in bed asleep when the house was discovered on fire; that he was physically able to burn the house as argued; that it had insurance recently taken out in an amount much less than the value of the house; that his mother occupying a part of it had a narrow escape with her life and lost $250.00 in money, all of which was undenied in the record before us, certainly do not present facts and circumstances which would call for an affirmative charge in behalf of the defendant as requested by him. So far as it is possible to do so, this court has not permitted appellant to suffer because his attorney has not complied with the established rules. We have considered his requested instruction and find nothing in the record to even suggest it to the trial court.

The motion for rehearing is overruled.