Cesar **ROMERO, M.D.**, Anthony Claxton, **M.D.**, and David Korman, **M.D.**, Petitioners,

v.

Jacob **LIEBERMAN** on behalf of the Estate of Larry **LIEBERMAN**, deceased, Respondent.

No. 10–0134.

Supreme Court of Texas.

Jan. 21, 2011.

Rehearing Denied April 1, 2011.

**404**

Greg W. Abbott, Attorney General of Texas, Clarence Andrew Weber, Kelly Hart & Hallman LLP, David S. Morales, Office of the Attorney General of Texas, Deputy First Assistant Attorney General, Nelly R. Herrera, Office of the Attorney General, Tort Litigation Division, S. Ronald Keister, Office of the Attorney General of Texas, Tort Litigation Division, Ruth Ruggero Hughs, William J. "Bill" Cobb III, Office of the Attorney General, Daniel T. Hodge, First Asst. Attorney General, David C. Mattax, Director of Defense Litigation, Office of the Attorney General, Austin, TX, for Cesar Romero, M.D.

John J. Grost, El Paso, TX, for Jacob Lieberman.

PER CURIAM.

After Larry Lieberman, a psychiatric patient at Terrell State Hospital, died of sepsis allegedly as a result of a complete lack of care, his father, respondent Jacob Lieberman, sued petitioners, Doctors Romero, Claxton, and Korman. The doctors moved to dismiss the suit against them under section 101.106(f) of the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.106(f), and brought a plea to the jurisdiction on the same ground, claiming that the suit was based on conduct within the general scope of their employment with the State Hospital and could have been brought against the State Hospital. The trial court dismissed the action. On respondent Lieberman's appeal, the court of appeals reversed. No. 05–08–01636–CV, 2009 Tex.App. LEXIS 8414, at *5, 2009 WL 3595128, at *2 (Tex.App.-Dallas Nov. 3, 2009) (mem.op.).

While this case has been pending on appeal, we have decided *Franka v. Velasquez*, 332 S.W.3d 367 (Tex.2011), holding that, for purposes of section 101.106(f), a tort action is brought "under" the Texas Tort Claims Act, even if the government has not waived its immunity for such actions. 332 S.W.3d at 370–71. In light of *Franka*, we grant the doctors' petition for review, and without hearing oral argument, reverse the court of appeals' judgment and remand the case to the court of appeals for further proceedings. Tex. R.App. P. 59.1.