

# NUMBER 13-12-00215-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KEITH REDBURN,                                                    Appellant,

v.

CHARMELLE GARRETT,
INDIVIDUALLY AND AS
CITY MANAGER OF THE
CITY OF VICTORIA, TEXAS,
AND LYNN SHORT, INDIVIDUALLY
AND AS DIRECTOR OF
PUBLIC WORKS OF THE
CITY OF VICTORIA, TEXAS,
AND THE CITY OF VICTORIA,
TEXAS,                                                          Appellees.

On appeal from the 377th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION ON REHEARING

Before Chief Justice Valdez and Justices Rodriguez and Longoria

## Memorandum Opinion on Rehearing by Justice Longoria

By two issues, which we will address as three, appellant, Keith Redburn, appeals the trial court's order granting a plea to the jurisdiction filed by appellees, Charmelle Garrett, individually and as the City Manager of the City of Victoria, Texas ("the City"), Lynn Short, individually and as the Director of Public Works for the City, and the City, and dismissing appellant's claims against appellees with prejudice. As set forth herein, we affirm in part and reverse and remand in part.

### I. MOTION FOR REHEARING

On February 28, 2013, this Court issued a memorandum opinion reversing the trial court's order dismissing appellant's claims against appellees and remanding the case for further proceedings consistent with our decision. *See Redburn v. Garrett*, No. 13-12-00215-CV, 2013 Tex. App. LEXIS 1992 (Tex. App.—Corpus Christi Feb. 28, 2013, no pet. h.) (mem. op.). Subsequently, appellees filed a motion for rehearing, arguing that this Court should withdraw its opinion and judgment and issue a new opinion and judgment affirming the order of the trial court. *See* TEX. R. APP. P. 49.1. Appellant has filed a response in opposition to the motion. *See* TEX. R. APP. P. 49.2 ("A motion will not be granted unless a response has been filed or requested by the court."). For the reasons set forth below, we grant the motion for rehearing.

"The granting of a motion for rehearing does not always mean a change in the court's decision in the case." *Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex. 1996). "Appellate courts often grant rehearings to clarify or modify opinions without changing the outcome of the case." *Id*. "There will be instances where [a motion for rehearing] is a helpful tool for focusing attention on an adverse

determination of an issue, and if it draws a responsive opinion from the court so much the better." *Farrell v. State*, 864 S.W.2d 501, 503 n.2 (Tex. Crim. App. 1993). In others instances, a court may reach a different decision on rehearing. *See F.F.P. Operating Ptnrs., L.P. v. Duenez*, No. 02-0381, 2004 Tex. LEXIS 778 (Tex. Sep. 3, 2004) (affirming our decision), *opinion withdrawn and substituted*, 2006 Tex. LEXIS 1130 (Tex. Nov. 3, 2006) (reversing our decision).

Above all, "[o]ur responsibility is . . . to reach the correct decision in each case." *Leos v. State Employees Workers' Compensation Div.*, 734 S.W.2d 341, 343 (Tex. 1987). A correct decision is "the sole aim and desire of the Court." *Port Arthur Rice Milling Company v. Beaumont Rice Mills*, 148 S.W. 283, 283 (Tex. 1912) (op. on reh'g). "This is not to suggest we are infallible." *Sw. Bell Tel. Co., L.P. v. Mitchell*, 276 S.W.3d 443, 450 (Tex. 2008) (Wallace, C.J., dissenting). "When there are compelling reasons for doing so, we can, and should, reexamine our decisions." *Id*. "[M]otions for rehearing can mean . . . an opportunity to correct a mistake." *Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 409 (Tex. 2009) (Brister, J., concurring). Accordingly, "[t]his Court considers seriously and with full appreciation every helpful expression presented in a motion for rehearing." *Anderson v. State*, 138 Tex. Crim. 236, 237 (Tex. Crim. App. 1940) (op. on reh'g).

We have "carefully considered" appellees' motion and appellant's response. *Heath v. Layne*, 62 Tex. 686, 694 (Tex. 1888) (op. on reh'g). Both were "helpful to the Court in arriving at a correct decision of the case in hand." *Beaumont Rice Mills*, 148 S.W. at 283. Ultimately, we are persuaded that "the ends of justice [will] be best subserved by setting aside the former judgment and [opinion] of this Court and granting

3

rehearing." *Id.* at 283–84. Accordingly, we grant the motion for rehearing, withdraw our prior memorandum opinion and judgment of February 28, 2013, and issue this memorandum opinion and accompanying judgment in their place. *See* TEX. R. APP. P. 49.3.

## II. BACKGROUND

This is a property dispute involving what the City alleges is a public improvement. In 2004, appellant purchased property located at 902 W. Stayton Street, consisting of two tracts of land with a tributary between Tracts 1 and 2. According to the City, at the time appellant purchased the property, there was a pre-existing public improvement (specifically, a concrete culvert) that was visible and apparent. The purported public improvement is an outlet that conveys water from underground to above ground and into a naturally-flowing tributary that exists on appellant's property. The City alleges that the culvert and the natural tributary are part of the City's Municipal Separate Storm Sewer System ("MS4"), which acts as a filter and extracts contaminants and pollutants before the toxins reach potable water. The City alleges that even without the public improvement, appellant's downstream property is burdened by naturally-flowing water.

In 2006, appellant complained to the City about debris and water flowing onto his property. In 2011, appellant plugged the culvert with five tons of concrete. The City advised appellant that he was in violation of the City's MS4 Ordinance, but the plug remained. Subsequently, appellant filed suit against Garrett and Short for injunctive relief to enjoin them from entering his property to repair the storm-water culvert on the basis that the repairs would result in the City's alleged trespassing by virtue of discharged storm water.

4

The City filed an answer on behalf of Garrett and Short. The City also filed a plea to the jurisdiction, requesting dismissal of the individual employees in accordance with section 101.106 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) & (f) (West 2011). In addition, the City filed a petition in intervention, alleging three cross-claims against appellant: (1) an enforcement action for statutory penalties in the amount of $5,000 per day pursuant to Chapter 54 of the Texas Local Government Code, in addition to a request for court costs and attorney's fees, *see* TEX. LOC. GOV'T CODE ANN. §§ 54.012, 54.014, 54.015 & 54.107 (West 2008); (2) a claim for temporary and permanent injunctive relief to require appellant to remove the plug and to prohibit future plugging; and (3) an action for declaratory judgment with respect to the City's easement and the public improvement, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.003 (West 2008).

The trial court held an evidentiary hearing on the City's request for a temporary injunction. Afterward, appellant was ordered to remove the concrete plug within seven days of the court's order. The parties were also ordered to mediation. Although appellant removed the plug, the mediation was unsuccessful.

Subsequently, appellant amended his petition to name the City as a defendant and to add an action for declaratory judgment. Appellant alleged that the City constructed the culvert on and next to his property and that, periodically, the culvert drains large amounts of storm water onto his property, causing significant and irreparable damage. According to appellant, this constitutes an illegal trespass, nuisance, and violation of section 11.086 of the Texas Water Code. *See* TEX. WATER CODE ANN. § 11.086 (West 2008).

5

Thereafter, the City supplemented its plea to the jurisdiction, arguing that appellant could not establish subject matter jurisdiction for four reasons: (1) sovereign immunity had not been clearly and unambiguously waived under Chapter 11 of the Texas Water Code and doing so would violate public policy; (2) a declaratory judgment action could not be used when subject matter jurisdiction does not exist for the claim under the water code; (3) the City is immune from intentional tort claims pursuant to section 101.057(2) of the Texas Civil Practice and Remedies Code, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011); and (4) the Texas Supreme Court's decision in *Heinrich* prohibits claimants, such as appellant, from seeking to use the judiciary to control governmental functions, *see City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009).

In addition, appellees argued that appellant could not establish subject matter jurisdiction with regard to the claims against Garrett and Short for two reasons: (1) claims against governmental employees in their individual capacities are barred by section 101.106 of the Texas Civil Practice and Remedies Code, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) & (f); and (2) appellant has not alleged that the employees committed any act or omission in their individual capacity.

In his response, appellant made three arguments. First, a governmental unit that voluntarily intervenes in a suit waives immunity. Second, the City lacks immunity under the Uniform Declaratory Judgment Act. And third, Garrett and Short can be sued without the City because the threatened acts were illegal and therefore not official acts of the City.

6

After holding a hearing, the trial court found in favor of appellees. The court dismissed appellant's claims against Garrett, Short, and the City, leaving the City's cross-claims against appellant as the only claims pending in the suit. Thereafter, the City supplemented its cross-claims to allege a claim for easement by implied dedication to the extent the culvert extends onto appellant's property and the tributary. This interlocutory appeal ensued. *See id.* § 51.014(a)(8) (West Supp. 2011).

### III. STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000), *overruled on other grounds*, *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004). We review the record de novo to determine whether the trial court has subject matter jurisdiction. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). "We consider only the evidence pertinent to the jurisdictional inquiry and do not weigh the merits." *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Also, we construe the pleadings in favor of the plaintiff, accepting all his allegations as true. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. To prevail, the defense must show that, even accepting all of the plaintiff's allegations as true, an incurable jurisdictional defect remains on the face of the pleadings that deprives the trial court of subject matter jurisdiction. *Brenham Hous. Auth. v. Davies*, 158 S.W.3d 53, 56 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

### IV. APPLICABLE LAW

In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction over lawsuits in which the State or certain governmental units have been sued unless

7

the State consents to suit. *Miranda*, 133 S.W.3d at 224. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). We assume the truth of the jurisdictional facts alleged in the pleadings unless the defendant presents evidence to negate their existence. *Miranda*, 133 S.W.3d at 226–27. If a plea to the jurisdiction challenges the jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2008) (citing *Miranda*, 133 S.W.3d at 227); *see Bland Indep. Sch. Dist*, 34 S.W.3d at 555. If that evidence creates a fact issue as to jurisdiction, then it is for the fact-finder to decide. *City of Waco*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227–28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228. After the defendant "asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id.* This standard "generally mirrors" that of a traditional motion for summary judgment. *Id.* When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the non-movant. *Id.*

8

In his first issue, appellant contends that the trial court erred in dismissing his claims against Garrett and Short. Appellees maintain that dismissal was mandatory pursuant to subsection (f) of section 101.106 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). For the reasons set forth below, we agree with appellees.

## A. Applicable Law

"Section 101.106 is an immunity statute." *Newman v. Obersteller*, 960 S.W.2d 621, 623 (Tex. 1997). Section 101.106's election scheme provides as follows:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in

the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106. The Texas Supreme Court has explained as follows:

Under the Tort Claims Act's election scheme, recovery against an individual employee is barred and may be sought against the governmental unit only in three instances: (1) when suit is filed against the governmental unit only, *id*. § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, *id*. § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, *id*. § 101.106(f).

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008).

## B. Discussion

In this case, appellant originally sued Garrett and Short both individually and in their official capacities for injunctive relief to enjoin them from allegedly trespassing. Thereafter, Garrett and Short invoked section 101.106(f) and sought dismissal of all claims asserted against them. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

The Texas Supreme Court has explained that there are two conditions to subsection (f). *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). First, the employee acted within the general scope of his employment. *Id*. Second, "suit could have been brought under the Texas Tort Claims Act — that is, [the] claim is in tort and not under another statute that independently waives immunity." *Id*. If both conditions are met, the suit "is considered to be against the employee in the employee's official capacity only, and the plaintiff must promptly dismiss the employee and sue the government instead." *Id*.

10

With respect to the first condition, Garrett and Short maintain that they were "acting within the general scope of [their] employment." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f); *see Univ. of Tex. Sw. Med. Ctr. v. Estate of Arancibia*, 324 S.W.3d 544, 551 (Tex. 2010) ("The employee must show that the suit was filed against him based on conduct within the general scope of his employment."). However, trespass is an intentional tort. *See Hidalgo County v. Dyer*, 358 S.W.3d 698, 704 (Tex. App.— Corpus Christi 2011, no pet.) ("The intentional tort of trespass involves the intent to commit an act which violates a property right or is practically certain to have that effect, although the actor may not know the act he intends to commit is a violation of a property right."). And the Texas Supreme Court has cautioned that "[w]hether an employee's intentional tort is within the scope of employment is a more complex issue." *Franka*, 332 S.W.3d at 381 n.63. In *Franka*, the Texas Supreme Court cited section 7.07 of the Restatement (Third) of Agency with regard to the issue of whether an employee's intentional tort is within the scope of employment. *Id.* (citing RESTATEMENT (THIRD) OF AGENCY § 7.07 (2006)). Under section 7.07(2) of the Restatement (Third) of Agency, "[a]n employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." RESTATEMENT (THIRD) OF AGENCY § 7.07(2).

In this case, although appellant's suit involves allegations of trespass, appellant did not allege any independent course of conduct not intended by Garrett and Short to serve any purpose of the City. *See id*. Rather, according to appellant's original petition, Garrett and Short were carrying out the business of the City through the power and authority of their respective offices of employment with the City when they allegedly

11

committed, attempted to commit, or threatened to commit a trespass injurious to appellant. There is no dispute that the alleged trespass involved conduct by Garrett and Short that was authorized by the City and done for the benefit of the City.

Appellant maintains that suit was nonetheless proper against Garrett and Short in their individual capacities because their acts were *ultra vires*. We disagree. First, the Texas Supreme Court has held that section 101.106(f) "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka*, 332 S.W.3d at 381. Second, an *ultra vires* suit must be brought against the employee in his official capacity, not his individual capacity. *See Heinrich*, 284 S.W.3d at 373. Third, appellant's trespass allegations do not amount to *ultra vires* conduct because appellant does not allege that Garrett or Short acted without the legal authority of the City or failed to perform a purely ministerial act they were required to perform. *See id.* Appellant's suit seeks to alter an existing policy of the City that Garrett and Short are responsible for carrying out. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) (West Supp. 2011) (defining "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority"). Accordingly, we conclude that for purposes of section 101.106(f), appellant's suit was against Garrett and Short "acting within the general scope of [their] employment." *Id.* § 101.106(f).

Under subsection (f), Garrett and Short were "entitled to dismissal only if the [appellant's] suit could have been brought under the Act against the [City]." *Franka*, 332 S.W.3d at 375. "[T]hat is, [the] claim [must be] in tort and not under another statute that

12

independently waives immunity." *Id.* As noted above, appellant originally sued Garrett and Short to enjoin them from trespassing onto his property or directing other City employees to do so. "An injunction is an equitable remedy, not a cause of action." *Brown v. Ke Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). "However, a party can obtain an injunction only by showing a probable right to recovery through a claim or cause of action." *Id.* In this instance, the underlying claim was trespass, a tort, which brings this matter within the scope of the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109 (West 2008 & West Supp. 2011). Furthermore, "any tort claim against the government is brought 'under' the Act for purposes of section 101.106, even if the Act does not waive immunity." *Franka*, 332 S.W.3d at 375; *see also Romero v. Jacob Lieberman ex rel. Estate of Lieberman*, 332 S.W.3d 403, 404 (Tex. 2011) (per curiam) ("[F]or purposes of section 101.106(f), a tort action is brought 'under' the Texas Tort Claims Act, even if the government has not waived its immunity for such actions."). Thus, for purposes of section 101.106(f), appellant's request for an injunction based on an alleged trespass is a tort claim that could have been brought under the Act against the City. *See Franka*, 332 S.W.3d at 375. Therefore, because both conditions for dismissal under section 101.106(f) were met, the trial court properly dismissed appellant's claims against Garrett and Short. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f).

Appellant's first issue is overruled.

## VI. CLAIMS AGAINST THE CITY

In his second issue, appellant contends that the trial court erred in dismissing his claims against the City. In his live petition, appellant alleged causes of action against

13

the City for declaratory judgment and injunctive relief. *See Heinrich*, 284 S.W.3d at 377 ("[c]onsidering the nature of the liability sought to be imposed, and construing [plaintiff's] pleadings liberally"). The "real substance" of appellant's claims involves a suit for land. *See Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 390 (Tex. 2011) ("The central test for determining jurisdiction is whether the 'real substance' of the plaintiff's claims falls within the scope of a waiver of immunity from suit."). Appellant seeks to quiet title to his property and to establish his exclusive right of possession. *See id.* at 389–90 (holding that plaintiff's claims to establish ownership of property through an action for declaratory judgment and to obtain injunctive relief to prevent a governmental entity from entering the property are "in substance [a suit] to determine title to land"). Appellant also seeks injunctive relief to enjoin the City from trespassing, which is an intentional tort. *Dyer*, 358 S.W.3d at 704. Thus, appellant's claims against the City are barred by immunity. *See Sawyer Trust*, 354 S.W.3d at 389–90 ("[This] suit in substance is one to determine title to land. Such a suit against the State is barred by sovereign immunity absent legislative consent."); *Dyer*, 358 S.W.3d at 704–05 ("The Department and the County argue that immunity from suit has not been waived for Dyer's trespass claim because Dyer has alleged an intentional tort for which the Texas Tort Claims Act does not waive immunity. We agree."); *Harris County v. Cypress*, 50 S.W.3d 551, 554 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("Appellee's Second Amended Petition clearly asserts that appellant's dumping of hazardous materials on its property was intended[; thus, it] states a cause of action for intentional trespass[ for which immunity has not been waived.]").

14

However, as set forth above, the City asserted four cross-claims against appellant: (1) an enforcement action for statutory penalties in the amount of $5,000 per day pursuant to Chapter 54 of the Texas Local Government Code, in addition to a request for court costs and attorney's fees, *see* TEX. LOC. GOV'T CODE ANN. §§ 54.012, 54.014, 54.015 & 54.107; (2) a claim for temporary and permanent injunctive relief to require appellant to remove the plug and to prohibit future plugging; (3) an action for declaratory judgment with respect to the City's easement and the public improvement, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 37.003; and (4) a claim for easement by implied dedication to the extent the culvert extends onto appellant's property and the tributary. Appellant contends that the City, "by voluntarily intervening into the suit has now waived immunity and opened itself up to a declaratory judgment action by appellant."

The Texas Supreme Court has explained that "when an affirmative claim for relief is filed by a governmental entity, . . . cases indicate that under such circumstances immunity from suit no longer completely exists for the governmental entity." *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 376 (Tex. 2006). The Texas Supreme Court has held that under such circumstances, the trial court must "allow[] adverse parties to assert, as an offset, claims germane to, connected with, and properly defensive to those asserted by the governmental entity." *Id.* at 377. "Accordingly, when the City filed its affirmative claims for relief as an intervenor, the trial court acquired subject-matter jurisdiction over claims made against the City which were connected to, germane to, and properly defensive to the matters on which the City based its claim[s] for [relief]." *Id.* "Absent the Legislature's waiver of the City's immunity from suit,

15

however, the trial court did not acquire jurisdiction over a claim for damages against the City in excess of damages sufficient to offset the City's recovery, if any." *Id.*

The City argues that "this case does not present the necessary germaneness between appellant's and the City's claims." The City notes that this Court has previously held that claims lack the necessary germaneness when "the claims arise from distinct conduct at different times and under very different circumstances." *Tex. Dept. of Transportation v. Crockett*, 257 S.W.3d 412, 416 (Tex. App.—Corpus Christi 2008, pet. denied). The City points out that "the City's claim for enforcement arises from appellant's act of plugging a component of the City's storm sewer system with concrete." The City also points out that "appellant [has] not cite[d] to . . . any authority for the proposition that this 'self help' remedy was somehow germane to appellant's assertion of title to the land and trespass against the City." *See* TEX. R. APP. P. 38.1(i). Furthermore, according to the City, "the culvert at issue was constructed by the City in the late 1940s after the City relied on a deed from appellant's predecessors in title." It was not until many years later that appellant purchased the property. Appellant plugged the culvert seven years after he purchased the property. According to the City, "[t]he wide disparity of time and circumstances surrounding the City's and appellant's competing claims compels a finding that the claims are not sufficiently connected or germane."

Appellant argues that his claims have the requisite nexus to the City's claims. According to appellant, the "claims are competing claims which cannot exist as an award." By their claims, both parties are seeking to establish the superiority of their respective ownership and access rights to appellant's land. Appellant argues that the

16

trial court therefore has jurisdiction over his claims for declaratory judgment and injunctive relief.

As set forth above, the City "does not have immunity from suit for claims germane to, connected with, and properly defensive to its [cross-claims] to the extent [appellant's] claims act as an offset against the City's recovery." *City of Irving v. Inform Constr., Inc.*, 201 S.W.3d 693, 694 (Tex. 2006) (per curiam). We conclude that appellant's claim for a declaratory judgment that the City "does not have an easement or other legal authority to enter [appellant's] property" is sufficiently connected to the City's claim that the City has an easement encumbering appellant's property. If it were established, appellant's claim would defeat the City's claim and vice versa. Therefore, the trial court has jurisdiction to hear appellant's claim for declaratory judgment. *See id.*

The other claim asserted by appellant is a trespass claim for which appellant seeks injunctive relief but not an award of damages. The City has not asserted any claim against appellant that would be obviously offset by appellant's trespass claim. Moreover, in his appellate brief, appellant has not made any argument to establish how his trespass claim is germane to, connected with, and properly defensive to any of the claims asserted by the City. *See* TEX. R. APP. P. 38.1(i). Appellant has not provided the Court with a substantive analysis on this particular issue. *See PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 722 (Tex. App.—Dallas 2011, pet. denied) ("Failure to provide substantive analysis waives an issue on appeal."). We conclude that appellant has not demonstrated that the trial court committed reversible error with respect to the dismissal of his trespass claim. *See* TEX. R. APP. P. 44.1.

Accordingly, appellant's second issue is sustained with respect to appellant's claim for declaratory judgment, but it is overruled with respect to appellant's trespass claim.

## VII. OPPORTUNITY TO RE-PLEAD

In his third issue, appellant argues that the trial court erred in dismissing his claims against Garrett, Short, and the City without affording appellant an opportunity to re-plead those claims. "It is true that a plaintiff deserves a reasonable opportunity to amend unless the pleadings affirmatively negate the existence of jurisdiction." *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007). However, appellant "has made no suggestion as to how to cure the jurisdictional defect" with respect to these claims. *Id.* at 840. "[A] pleader must be given an opportunity to amend in response to a plea to the jurisdiction only if it is possible to cure the pleading defect." *Id.* In this case, there is no basis for the Court to conclude that appellant "may be able to state a cause of action for which sovereign immunity has been waived." *Id.* We conclude that affording appellant an opportunity to re-plead "would serve no legitimate purpose." *Id.* Accordingly, appellant's third issue is overruled.

## VIII. CONCLUSION

As set forth herein, the order of the trial court is affirmed in part and reversed in part. The case is remanded for further proceedings consistent with this opinion.


_____
NORA L. LONGORIA
Justice

Delivered and filed the
16th day of May, 2013.

18