**Albert John NUTTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–00–1520–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 20, 2001.

Wendell A. Odom Jr., Houston, for appellants.

Alan Curry, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

Appealing his conviction of aggravated robbery and sentence of twenty-five years' confinement, appellant Albert John Nutter contends that the trial court committed reversible error in denying his request for a jury instruction on the defense of insanity.  We affirm.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On February 3, 1997, appellant approached Delores Simmons, a clerk working at the courtesy booth of a grocery store in Houston, Texas.  Holding a gun, appellant ordered Simmons to fill a plastic

grocery bag with money. She complied and placed money as well as a "tracker" in the bag. As appellant made his escape, Simmons used the store's intercom system to page the manager, Douglas Niman. When he learned what had happened, Niman ran to the front of the store and out the door after appellant. Niman was just in time to watch appellant drive away in a yellow, four-door Cadillac. Niman memorized the license plate number and gave that, along with a description of the vehicle, to the police, who traced it to appellant's mother, Maria Nutter. The police found the vehicle parked at a nearby auto parts store. The police found the tracker at a service station near the grocery store.

After viewing a photo spread, Simmons positively identified appellant as the robber. In March 1997, appellant was indicted for aggravated robbery. In October 1997, appellant was found in Kentucky and arrested.

In June 1999, in an unrelated aggravated robbery case against appellant, a Bexar County trial court found appellant incompetent to stand trial and sent him to Vernon State Hospital, where he was diagnosed with "schizoaffective bi-polar type" mental disorder. In August 1999, while in remission, appellant suffered from psychosis and a drug-induced psychotic disorder. He also showed signs of malingering. Later, in December 1999, Dr. Raymond Potterf, a board certified psychiatrist, evaluated appellant and diagnosed him with schizophrenia disorder.

For purposes of this case, a court-appointed psychologist, Dr. Steve Rubenzer, examined appellant in June 2000, and opined that appellant was sane at the time of the offense and competent to stand trial.

Appellant pleaded not guilty to the offense of aggravated robbery and gave timely notice of his intention to use the defense of insanity. At trial, he requested the court to include an instruction on the insanity defense in the jury charge. The trial court denied his requested instruction. The jury found appellant guilty of aggravated robbery and sentenced him, with enhancements, to twenty-five years' confinement in the state penitentiary.

## II. ISSUE PRESENTED ON APPEAL

In a single point of error, appellant contends the trial court erred by denying his request for an instruction on his insanity defense. He claims the evidence is legally sufficient to prove that at the time of the conduct charged, as a result of a severe mental disease or defect, he did not know that his actions were wrong.

## III. ANALYSIS

The affirmative defense of insanity applies if "at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong." TEX. PEN.CODE ANN. § 8.01(a) (Vernon Supp.2001). "The insanity defense provided in Section 8.01 of the Penal Code shall be submitted to the jury only if supported by competent evidence." TEX.CODE CRIM. PROC. ANN. art. 46.03 (Vernon Supp.2001). If evidence from any source raises the issue of insanity, the trial court must include an instruction on this defense in the jury charge. *Gibson v. State*, 726 S.W.2d 129, 132 (Tex. Crim.App.1987).

When considered with facts and circumstances concerning an accused and the offense, lay opinion testimony may be sufficient to raise the defense of insanity. *Pacheco v. State*, 757 S.W.2d 729, 736 (Tex. Crim.App.1988). The only testimony appellant presented was his own. Appellant testified that he did not remember committing the robbery. Appellant did not produce any testimony or other evidence that he did not know his conduct was wrong at the time of the robbery. In fact, the only testimony that appellant offered

was that he did not remember committing the robbery. Appellant's lack of memory is not enough to establish that he was insane at the time of the offense. *See Cato v. State,* 534 S.W.2d 135, 136–38 (Tex. Crim.App.1976). Appellant offered no opinion as to his insanity at the time of the offense. Thus, appellant's testimony is not sufficient to raise the insanity defense. *See, e.g., Pacheco,* 757 S.W.2d at 736.

■ It is apparent from the Vernon State Hospital records and the diagnoses of several medical experts that appellant has a history of extensive psychological problems. It also appears that he suffers from mental illness as a result of his past service in the military. However, the existence of a mental disease, alone, is not sufficient to establish legal insanity; rather, the accused must have been mentally ill at the time of the offense to the point that he did not know his conduct was wrong. *Plough v. State,* 725 S.W.2d 494, 500 (Tex. App.-Corpus Christi 1987, no pet.).

At trial, Simmons (the grocery store clerk) testified that at the time of the robbery, appellant appeared calm and not intoxicated or irrational in his behavior. Appellant's conduct on the evening in question does not tend to suggest that he was insane at the time of the offense. *See, e.g., Coble v. State,* 871 S.W.2d 192, 201–2 (Tex.Crim.App.1994) (holding that defendant was not entitled to instruction on insanity because evidence showed he was not irrational either during or after the offense). Simmons further testified that appellant commanded her to fill the grocery bag with money and, throughout the entire episode, appellant appeared calm and did not appear "crazy" or as though he did not know who he was or what he was doing. In fact, evidence shows that as soon as appellant had the bag of money, he fled the scene and left the state. Appellant's attempts to evade arrest are evidence that he knew that his conduct was

wrong. *See, e.g., Plough,* 725 S.W.2d at 500 (holding that attempts to conceal incriminating evidence and to elude officers indicate awareness of wrongful conduct).

Although appellant evidently has experienced serious mental problems, the existence of mental illness alone is not sufficient to establish that he lacked an awareness that his actions were wrong at the time of the offense. We conclude the evidence at trial did not raise the affirmative defense of insanity. The trial court did not err in refusing to submit an instruction on the insanity defense to the jury. Because the trial court's decision to deny the requested instruction was not erroneous, we need not consider appellant's contention that the failure to submit the issue of insanity resulted in egregious error. Accordingly, we overrule appellant's sole point of error.

We affirm the trial court's judgment.