Opinion filed July 21,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00211-CR

                                                    __________

 

                         JOSE
EDUARDO VILLARREAL, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 42nd District Court

 

                                                            Taylor
County, Texas

 

                                                   Trial
Court Cause No. 23385-A

 



 

                                            M
E M O R A N D U M   O P I N I O N

          Jose Eduardo Villarreal
appeals his conviction by a jury of the offense of aggravated sexual assault of
an elderly individual by causing his male sex organ to penetrate the mouth of
the victim and by using his tongue to penetrate the victim’s sexual organ.  The
trial court assessed his punishment at fifty years in the Texas Department of
Criminal Justice, Institutional Division.  He asserts in a single issue that
the trial court committed reversible error by denying him a requested
instruction regarding the issue of insanity.  We affirm.

            An
accused has the right to an instruction on any defensive issue raised by the
evidence, whether that evidence is weak or strong, unimpeached or contradicted,
and regardless of what the trial court may or may not think about the
credibility of the evidence.  Granger v. State, 3 S.W.3d 36, 38 (Tex.
Crim. App. 1999).  The affirmative defense of insanity applies if, at the time
of the conduct charged, the actor, as a result of severe mental disease or
defect, did not know that his conduct was wrong.  Tex. Penal Code Ann. § 8.01(a) (Vernon 2011). 

            In
December 2008, Villarreal was found to be incompetent to stand trial and was
committed to the North Texas State Hospital – Vernon Campus – for observation
and treatment.  On May 6, 2009, following a report that Villarreal was still
incompetent, Villarreal was recommitted for further observation and treatment. 
Following a report submitted on January 15, 2010, indicating that Villarreal,
while still suffering from mental illness, had regained the competency to stand
trial, a jury found Villarreal competent to stand trial.    

The
victim testified that the assault occurred on April 23, 2008.  Abel Coy, Villarreal’s
cousin, testified that he had known Villarreal since Villarreal was a child.  He
related that he was acquainted with him in the early half of 2008.  He stated
that Villarreal had been diagnosed as paranoid schizophrenic and was getting a
disability check.  When asked if his mental condition was such that “you” would
actually not know whether his actions were right or wrong, Coy replied, “Yeah.” 
He then indicated that Villarreal had said to him that angels had told him to
murder his family.  He related that, on Thanksgiving about three years
previously, another cousin had banned Villarreal from his home because Villarreal
had told him the angels were telling Villarreal to kill his family.  He said it
was more or less back in 2007 or 2008, around the time of the events that were
being discussed.  When asked if, during April 2008, these were the kinds of
behaviors going on with Villarreal, Coy replied, “Sir, I have never had a normal
conversation with my cousin, ever.”

On
cross-examination, Coy testified that he saw Villarreal walking in 2008 about
twice a week and would sometimes give him a ride.  He related an event at which
he took Villarreal with him to the mall and left him briefly while he went into
Sears to get a part for a washer.  He related that he was approached by an
off-duty police officer working as security who said that Villarreal had told a
girl that her skirt was too short.  He told Coy he wanted Villarreal out of the
mall or he was going to call in the police to haul him off.  When asked if this
was the kind of behavior he observed Villarreal doing around April 2008, Coy
replied, “Yes, sir.  He’s been like that a long time.”  While Coy stated that
his cousin suffered from a severe mental disease or defect, and indicated that
at some vague time Villarreal did not know if his actions were wrong, he never
offered an opinion as to whether, at the time of the offense, Villarreal was
capable of knowing that his conduct was wrong.   

Dr.
John Crowley, an Abilene psychiatrist, testified that, in his opinion, Villarreal
was legally sane at the time of the offense, having the mental capacity to
understand that his actions were wrong if he sexually assaulted a woman.

When
considered with facts and circumstances concerning an accused and the offense,
lay opinion testimony may be sufficient to raise the defense of insanity.  Pacheco
v. State, 757 S.W.2d 729, 736 (Tex. Crim. App. 1988).  However, the existence
of a mental disease, alone, is not sufficient to establish legal insanity.  Nutter
v. State, 93 S.W.3d 130, 131-32 (Tex. App.—Houston [14th Dist.] 2001, no
pet.).  While Coy’s testimony may have showed that Villarreal suffered from a
severe mental disease or defect and that at some time he did not know if his
conduct was wrong, it did not show that, at the time of the offense, he did not
know that his conduct was wrong.  Evidence presented by a lay witness who never
undertakes to express a conclusion or opinion on insanity is not sufficient to
raise the issue.  Pacheco, 757 S.W.2d at 735.  While Coy did express his
opinion that Villarreal, as a result of a severe mental disease or defect, did
not know when his actions were right or wrong, he was so vague as to what time
frame his opinion applied as to prevent a reasonable juror from finding that Villarreal
did not know at the time of the offense whether his conduct was right or
wrong.  We overrule Villarreal’s sole issue on appeal.  

The
judgment is affirmed.     He eH

 

 

                                                                                    JOHN
G. HILL

                                                                                    JUSTICE

July 21, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]

 









 

[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.