**Affirmed and Opinion Filed July 12, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00618-CR

**SAMUEL LEE JONES, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court No. 1
Dallas County, Texas
Trial Court Cause No. F11-14842-H

## MEMORANDUM OPINION

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice Francis

Samuel Lee Jones appeals his conviction for aggravated assault with a deadly weapon in retaliation against Shannon Williams. A jury found appellant guilty and, after appellant entered pleas of true to both enhancement paragraphs, assessed punishment at life in prison. In a single issue, appellant claims the trial court erred by refusing to instruct the jury on the affirmative defense of insanity. We affirm.

While living together, appellant and his girlfriend, Shannon Williams, had a fight. The police were called, and both Williams and appellant were arrested and charged with misdemeanors. Williams was the complainant on appellant's misdemeanor assault charge. After he bonded out, appellant moved in with his sister, Jackie.

Four days later, appellant called Williams and asked if they could talk; they met at Jackie's house. Several other family members were present. Appellant asked Williams if she would drop the charges against him and he asked her to sign several affidavits. Although she agreed to drop the charges, Williams refused to sign the affidavits because she felt they contained false statements. When appellant continued to insist she sign the affidavits, Williams decided she needed to leave. She gathered her things and walked out the door. Appellant grabbed a knife from the kitchen and followed her outside. Appellant knocked her down, hit her with his hands, and stabbed her repeatedly. While he assaulted her, appellant said, "You have to die, you're going to die, I'm going to kill you." Appellant lifted Williams's chin and tried to slide the knife across her throat. Jackie knocked appellant away from Williams, and neighbors helped her into their house. She was later transported to the hospital with multiple stab wounds. Appellant was charged with aggravated assault with a deadly weapon in retaliation against a witness, prospective witness, or person who has reported the occurrence of a crime.

In his sole issue, appellant claims the trial court erred by refusing to submit his affirmative defense of insanity.

Under section 8.01 of the penal code, it is an affirmative defense to prosecution if "at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong." TEX. PENAL CODE ANN. § 8.01 (West 2011). The issue of a defendant's sanity shall be submitted to the jury "only if the issue is supported by competent evidence." TEX. CODE CRIM. PROC. ANN. art. 46C.151(a) (West 2003). If evidence from any source raises the issue of insanity, the trial court must include an instruction on this defense in the jury charge. *Gibson v. State*, 726 S.W.2d 129, 132 (Tex. Crim. App. 1987); *Nutter v. State*, 93 S.W.3d 130, 131 (Tex. App.—Austin 2001, no pet.).

Appellant contends there was sufficient evidence to require the trial court to charge the jury on insanity, citing his testimony as well as that of two coworkers. Appellant testified he was a physical fitness trainer but also worked for a "millionaire" in North Dallas completing the "second largest in the world RV." Once the RV was completed, he was let go. Although he continued his fitness training, he lacked the second income from the RV work. His bills began to pile up, and he was having financial problems. Although he interviewed for other jobs, he was not hired because he had a criminal record. One of his prior convictions required him to register as a sex offender which he claims he did but he was nevertheless charged with failure to register close to the time this offense occurred. He and Williams then had the fight which resulted in misdemeanor assault charges for both. Appellant said the fact he was going back to jail made him "hysterical." Four days later, when Williams said she would drop the charges against him but then refused to sign the affidavits, the "fear of going back to prison" made appellant "snap" and "something in [his] mind just told [him] to kill the devil." He remembered Williams walking out the door. He grabbed a knife and grabbed her. After that, appellant said he did not remember anything, including that he stabbed her. According to appellant, the fact he was stressed and his parole officer lied to him about the sex offender registration requirement "pushed [him] to insanity."

On cross-examination, appellant conceded he knew he picked up a knife, followed Williams out of the house, and stabbed her with such force he broke the knife. He also admitted he fled in his car and drove to a friend's house afterwards.

Appellant's coworkers, Linda Ellison and Randall Jones, testified appellant was a "really nice guy" and had been a happy, dependable employee. However, more recently, he had been

worrying a lot and began changing. He appeared to be upset and distraught on the date he attacked Williams.

This evidence shows appellant was stressed and upset, but not that he was insane. Although he initially claimed he did not know what happened, appellant conceded during cross-examination that he did remember attacking Williams. In any event, lack of memory is not enough to establish insanity. *See Nutter*, 93 S.W.3d at 132. Nothing in the record, including appellant's testimony or that of his coworkers, shows he had a severe mental disease or defect or that he did not know his conduct was wrong at the time of his aggravated assault on Williams. Because the evidence did not raise insanity, we cannot conclude the trial court erred by refusing to instruct the jury on the issue. We overrule appellant's sole issue.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
120618F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

4



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAMUEL LEE JONES, Appellant

No. 05-12-00618-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F11-14842-H.
Opinion delivered by Justice Francis,
Justices O'Neill and Fillmore participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered July 12, 2013

/Molly Francis/
MOLLY FRANCIS
JUSTICE