

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES HELTON, | § | No. 08-13-00288-CR |
| Appellant, | § | Appeal from the |
| v. | § | 120th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20110D03238) |

## **O P I N I O N**

Appellant James Helton was convicted of evading arrest or detention by use of a motor vehicle and sentenced to ten years' confinement. On appeal, Appellant contends that the trial court abused its discretion in denying his motion for mistrial, that the evidence is insufficient to support his conviction, and that his trial counsel rendered ineffective assistance. We affirm.

## **BACKGROUND**

On the evening of July 13, 2011, El Paso Police Officers Martin Sanchez and Jesus Gomez were patrolling in their marked patrol car when they observed a white vehicle with a defective tail light fail to timely signal its intent to turn and fail to completely stop at a stop sign. The officers attempted to initiate a traffic stop, but the driver would not stop.

A video recording of the officers' efforts to initiate the traffic stop was introduced into evidence. The video shows a white car signaling a turn but failing to stop completely at a stop

sign. The left brake light of the vehicle also fails to fully illuminate. The video shows the officers activating the patrol car's siren no less than five times without avail. During the pursuit, the vehicle fails to stop at a red traffic signal, but rather proceeds through the intersection by driving out of the traffic lanes onto the shoulder and around the stopped traffic. The vehicle fails to stop at two additional red traffic signals, and when it comes to another intersection completely blocked by stopped traffic, the vehicle runs over the curb, travels through a convenience store parking lot, and exits onto Interstate 10.

After Officers Sanchez and Gomez had pursued the vehicle for approximately eight minutes, Officer Nicholas Chavez joined the pursuit and positioned his marked patrol car, with lights and siren activated, in front of the white car, which was now traveling in the center lane of Interstate 10. The vehicle then pulled into the left lane, and although Officer Chavez drove within a few feet of the passenger-side door of the vehicle for approximately twenty-five seconds, the driver did not stop. Officer Chavez testified that he was tasked with confirming who was driving the vehicle. He explained that the windows of the vehicle were not tinted and he was able to clearly view the interior of the vehicle as he pulled his patrol car up to it. Officer Chavez stated that he attempted to get Appellant's attention during the pursuit, in part by shining his patrol car's spotlight on Appellant's dashboard, but Appellant refused to look at him and continued staring straight ahead.

The vehicle proceeded to pass and travel ahead of Officer Chavez's patrol car, continuing down the Interstate highway with both marked patrol cars in pursuit. Approximately six minutes later, the vehicle crashes, and an adult male jumps out and attempts to flee on foot across traffic on Interstate 10, but is apprehended. The video recording shows only one person fleeing from the

2

crashed white vehicle. That person is clearly identifiable in the video as he is apprehended while attempting to climb over the Interstate 10 median barrier.

During trial, the three officers identified Appellant as the sole occupant of the vehicle they had attempted to stop. Officers Gomez and Chavez testified that they observed Appellant driving the vehicle, and Officers Sanchez and Gomez testified that they never lost sight of Appellant's vehicle. Officer Gomez testified that during the 17-18 mile pursuit he confirmed that Appellant had an outstanding arrest warrant.

## DISCUSSION

### Motion for Mistrial

In Issue One, Appellant contends the trial court abused its discretion when it denied his motion for mistrial based on speculative testimony by Officer Chavez.

In his interrogation by the State, Officer Chavez stated that when he had attempted to get Appellant's attention during the pursuit by shining his patrol car's spotlight on Appellant's dashboard, Appellant refused to look at him and continued looking straight ahead. The State then asked Officer Chavez, "Was there any way [Appellant] could have missed you?" Officer Chavez responded, "No, ma'am." Counsel for Appellant immediately objected based on speculation, and the trial court sustained the objection. Counsel asked for a jury instruction, and the trial court instructed the jury to "disregard the last question and answer." Counsel then moved for a mistrial, which the trial court denied. Appellant contends that he was irrevocably prejudiced by the speculative testimony by Officer Chavez and that the instruction to disregard was ineffective. We disagree.

*Standard of Review*

3

A mistrial is an appropriate remedy in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex.Crim.App. 2009). We review the denial of a mistrial for an abuse of discretion. *Id.* We must uphold the ruling if it was within the zone of reasonable disagreement. *Id.* In determining whether a trial court abused its discretion by denying a mistrial, we balance three factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect); (2) the effectiveness of the curative measures taken; and (3) the certainty of conviction or the punishment assessed absent the misconduct. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004); *Mosley v. State*, 983 S.W.2d 249, 259 (Tex.Crim.App. 1998).

*Analysis*

As an initial matter, we note that immediately after the trial court denied Appellant's motion for mistrial, the State then asked Officer Chavez whether he believed he was visible to Appellant, and he answered: "Yes. It was daylight and there was no possible way he could not see the police car." Counsel for Appellant again objected based on speculation, which the trial court again sustained. And, the trial court, upon request, instructed the jury to disregard "the last part of that answer." This time, however, Appellant did not request a mistrial.

In order to preserve error for appellate review, a defendant must pursue his complaint to the point of obtaining an adverse ruling. *Young v. State*, 137 S.W.3d 65, 69 (Tex.Crim.App. 2004). When the trial court sustains the defendant's objection, the defendant must request an instruction to disregard if such an instruction would cure the error, and, if that request is granted, he must move for a mistrial. *Id*. at 70; *Cook v. State*, 858 S.W.2d 467, 473 (Tex.Crim.App. 1993). Even if an instruction to disregard would not cure the error, the defendant still must request a mistrial.

4

*Young*, 137 S.W.3d at 70. "It is well settled that when appellant has been given all the relief he requested at trial, there is nothing to complain of on appeal." *Cook*, 858 S.W.2d at 473. Thus, Appellant cannot complain on appeal that the trial court abused its discretion in failing to grant mistrial based on Officer Chavez's additional testimony that "there was no possible way he could not see the police car."

Accordingly, in addressing the propriety of the trial court's refusal to grant a mistrial, we limit our consideration to Officer Chavez's single denial that there was no way Appellant could have missed him. Further, because the trial court sustained the objection, we will assume the testimony involved improper speculation.

Appellant argues that he was "irrevocably prejudiced" because "the testimony placed before the jury was rank speculation that went to the heart of the case, that is, whether Appellant was aware that he was being chased by the police[.]" Appellant points out that Officer Chavez's credibility was at issue since he had elsewhere testified that Appellant's vehicle was dark-colored with untinted windows, while the other officers testified that the vehicle was white[1] and were uncertain whether the windows were in fact tinted.

Appellant is correct that Officer Chavez's assertion that Appellant must have seen him directly contradicted a central defensive theme throughout trial that Appellant was not aware he was being pursued. We do note, however, that Chavez's response to the question was a simple "no" without any elaboration, and the State did not directly attempt to elicit similar speculation. Further, the State's indictment charged Appellant with fleeing from Officer Gomez and not from Officer Chavez, which mitigates any prejudicial effect to some extent. In final argument, however, the State referred to Officer Chavez's testimony that Appellant was looking at him as he

---

[1] The video clearly shows that the vehicle being pursued was white.

drove beside the vehicle, which at least indirectly implicated Chavez's speculation that Appellant must have seen him. In any event, the jury viewed the 20-minute video of the pursuit, and the video clearly demonstrated Appellant was aware he was being pursued by Officers Sanchez and Gomez well before Officer Chavez joined in the pursuit, as evidenced by his driving the vehicle through multiple red lights, driving around a stopped vehicle at one intersection, and jumping the curb at another, all in an attempt to evade arrest.

Appellant next summarily argues that because the speculative testimony was tied to whether he was aware that he was being pursued, the trial court's curative instruction was ineffective. A trial court is required to grant a motion for a mistrial, however, only when the improper question is "clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Simpson v. State*, 119 S.W.3d 262, 272 (Tex.Crim.App. 2003) (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000)). The Court of Criminal Appeals has instructed that ordinarily, "a prompt instruction to disregard will cure error associated with an improper question and answer[.]" *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex.Crim.App. 2000). Further, on appeal, we generally presume the jury follows the trial court's instructions in the manner presented. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex.Crim.App. 2005).

Prejudice is incurable only when the objectionable material is clearly calculated to inflame the minds of the jury or is of such a damaging character as to suggest it would be impossible to remove the harmful impression from the jurors' minds. *See Young v. State*, 283 S.W.3d 854, 878 (Tex.Crim.App. 2009) (citations omitted); *Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). Because of the remedy's extreme nature, a mistrial "should be granted only when residual

6

prejudice remains after objections are sustained and curative instructions given." *Barnett v. State,* 161 S.W.3d 128, 134 (Tex.App. – Fort Worth 2005), *aff'd*, 189 S.W.3d 272 (Tex.Crim.App. 2006); *see also Ocon,* 284 S.W.3d at 884–85.

We conclude that the objectionable question and answer were not so prejudicial or damning as to evade cure by the trial court's instruction to disregard or to overcome the presumption that the jury followed the trial court's instruction. The question and answer were but a small part of the evidence, and there was independent evidence demonstrating that Appellant was aware he was being pursued. Further, Officer Chavez's answer was a simple "no" without elaboration, and the objection and instruction to disregard were immediate. Although the testimony was directly relevant to one of Appellant's defensive theories, we conclude the prompt instruction to disregard was sufficient to cure any prejudice arising from the question and answer.

Appellant does not present any argument regarding the certainty of his conviction, the third factor we must consider. We observe, however, the strength of the evidence which supports Appellant's conviction. This evidence included a start-to-finish, 20-minute video recording of the officers' attempts to stop Appellant as he drove through intersections and red lights, around other cars and over a curb, all in an attempt to avoid arrest, indicating Appellant's awareness of the pursuit. The video shows that the emergency lights on the patrol cars were activated and that the sirens were clearly audible. All three officers identified Appellant as the sole occupant and driver of the vehicle. Moreover, the video clearly depicts Appellant as the individual who exited the vehicle and attempted to flee across the Interstate after the vehicle crashed.

While Officer Chavez's speculation that Appellant must have seen him was relevant to a central defensive theory, the testimony was minimal and made without elaboration, and there was

7

other evidence contrary to the defensive theory. Further, any error was not so prejudicial that it could not be cured by the trial court's instruction to disregard, and the evidence of Appellant's guilt was strong. Weighing all three relevant factors, we conclude the trial court's ruling falls within the zone of reasonable disagreement, and that the trial court did not abuse its discretion in denying Appellant's motion for mistrial. *See Hawkins*, 135 S.W.3d at 77. Issue One is overruled.

## Sufficiency of the Evidence

In Issue Two, Appellant contends the evidence was insufficient to support his conviction. In particular, Appellant argues the State failed to present any direct evidence he perpetrated the crime, but utilized instead circumstantial identification evidence that "did not sufficiently place Appellant behind the wheel of the suspect vehicle." We disagree.

### *Standard of Review*

In conducting our legal sufficiency review, we view the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex.Crim.App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010). We recognize that "our role is not to become a thirteenth juror. This Court may not re-evaluate the weight and credibility of the record evidence and thereby substitute our judgment for that of the fact-finder." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App. 2010) (quoting *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999)). Rather, we defer to the responsibility of the trier-of-fact to fairly resolve conflicts in

8

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Isassi*, 330 S.W.3d at 638.

This same standard applies equally to circumstantial and direct evidence. *Id*.; *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex.Crim.App. 2009). We determine only whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex.Crim.App. 2007). Each fact is not required to point directly and independently to the guilt of the accused, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Id*. at 13 (citing *Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App. 1993)). Circumstantial evidence alone can be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004).

"Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally[.]" *Laster*, 275 S.W.3d at 517; *see Isassi*, 330 S.W.3d at 638. We will uphold the verdict unless a rational fact finder must have had reasonable doubt as to any essential element. *Laster*, 275 S.W.3d at 517–18.

*Analysis*

A person commits the offense of evading arrest or detention "if he intentionally flees from a person he knows is a peace officer ... attempting lawfully to ... detain him." TEX.PENAL CODE ANN. § 38.04(a) (West Supp. 2014). The offense is a third degree felony "if the actor uses a vehicle … while the actor is in flight[.]" *Id.* at § 38.04(b)(2)(A). We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.[2]

---

[2] A hypothetically correct jury charge accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and

9

*Villarreal v. State*, 286 S.W.3d 321, 327 (Tex.Crim.App. 2009) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997)). Under a hypothetically-correct jury charge in the present case, the State was required to prove that Appellant, using a motor vehicle, intentionally fled from Officer Jesus Gomez, whom Appellant knew to be a peace officer, while Gomez was lawfully attempting to detain Appellant.

Appellant's sufficiency argument focuses on identity. Identification of the defendant as the person who committed the offense charged is an element of the offense the State must prove beyond a reasonable doubt. *Rushing v. State*, No. 08–05–00365–CR, 2007 WL 2405797, at *3 (Tex.App. – El Paso Aug. 23, 2007, pet. ref'd) (not designated for publication) (citing *Miller v. State*, 667 S.W.2d 773, 775 (Tex.Crim.App. 1984)); see *McCullen v. State*, 372 S.W.2d 693, 695 (Tex.Crim.App. 1963) (the burden is on the State in any criminal prosecution to prove beyond a reasonable doubt that the accused committed the criminal act charged). Important to the present case, the identity of a perpetrator may be proven by either direct or circumstantial evidence. *Earls v. State*, 707 S.W.2d 82, 85 (Tex.Crim.App. 1986); *Tilford v. State*, No. 08–09–00154–CR, 2011 WL 3273543, at *2 (Tex.App. – El Paso July 29, 2011, pet. ref'd) (not designated for publication); *Rushing*, 2007 WL 2405797, at *3. We conclude that both the direct and circumstantial evidence presented in this case was sufficient to support a finding that Appellant was the individual "behind the wheel of the suspect vehicle."

The jury heard Officer Chavez testify that during the pursuit, he used the computer in his patrol car to retrieve an image of Appellant and then pulled his marked patrol car close to the

---

adequately describes the particular offense for which the defendant was tried. *Villarreal*, 286 S.W.3d at 327. The law, as authorized by the indictment, means the statutory elements of the charged offense as modified by the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex.Crim.App. 2000).

vehicle being pursued and saw Appellant driving the vehicle. This was direct evidence identifying Appellant as the perpetrator. *See Aguilar v. State,* 468 S.W.2d 75, 77 (Tex.Crim.App. 1971) (eyewitness testimony alone may be sufficient to support a guilty verdict); *Davis v. State*, 177 S.W.3d 355, 359 (Tex.App. – Houston [1st Dist.] 2005, no pet.) ("It is well established that a conviction may be based on the testimony of a single eyewitness."). Further, both the testimonial and video evidence showed that no one else was in the vehicle with Appellant, that the officers never lost sight of the vehicle, and that Appellant was the only person who emerged from the crashed vehicle after the pursuit. This was circumstantial evidence that Appellant was the perpetrator. The jury could have reasonably inferred from the evidence that Appellant was the driver of the motor vehicle being pursued, and we defer to the jury's conclusion.

Appellant argues that because Officer Chavez misidentified the vehicle as "dark-colored" when it was actually white, he thus "misidentified the perpetrator." Officer Chavez's testimony as to the color of the vehicle, however, did not destroy the probative value of his testimony that Appellant was driving the vehicle. It was simply relevant to his credibility. And, the credibility to be given Officer Chavez – as well as the resolution of any conflicting evidence regarding the color of the vehicle, whether the windows were tinted, and whether the vehicle from which Appellant emerged was the same vehicle that had originally been pursued – was solely within the province of the jury. *Isassi*, 330 S.W.3d at 638; *Curry*, 30 S.W.3d at 406 (any conflict in testimony was for the jury to resolve).

Viewed in the light most favorable to the verdict, we conclude the evidence was legally sufficient to permit a rational jury to find beyond a reasonable doubt that Appellant was the driver

11

of the vehicle being pursued and committed the offense of evading arrest or detention while using a motor vehicle. Issue Two is overruled.

## Ineffective Assistance of Counsel

In Issue Three, Appellant asserts his trial counsel was ineffective for failing to investigate and pursue an insanity defense. The record shows that Appellant's first defense counsel, Carole Powell of the El Paso County Public Defender's Office, represented Appellant at the outset of his case and filed a notice of intent to employ an insanity defense "based on [Appellant's] history of mental illness." Powell subsequently filed a verified motion for continuance on July 22, 2013, citing her inability to be present for trial beginning on August 9, 2013. Nothing in the record indicates that the trial court ruled on the motion.

Powell's colleagues, Robert Riley and Rafael Morales, represented Appellant at trial but did not pursue an insanity defense. After Appellant was convicted, Riley filed a motion seeking a new trial in the interest of justice and stating therein that the State was in agreement with the motion "as there is new evidence." The record does not reveal that the trial court ruled on the motion, and it was thus overruled by operation of law. TEX.R.APP.P. 21.8(c). Riley thereafter filed a motion to withdraw as counsel based on an unidentified conflict of interest, and asked that the Public Defender and all her assistants be released as counsel of record.

Appellant supplemented the record on appeal with sealed mental health records. The supplemental record includes the trial court's order that Appellant be examined for competency to stand trial, and two examination reports, each of which concluded that Appellant was competent to stand trial in this case.[3]

---

[3] Appellant sought to compel the District Clerk to supplement the record on appeal by including a competency examination report prepared in 2011 for use in another case. Noting that an appellant is not permitted to supplement

12

Appellant now argues on appeal that he was insane at the time of the offense. He complains that his two trial counsel should have investigated an insanity defense and were ineffective for failing to provide Appellant the opportunity to present an insanity defense during the guilt-innocence phase of trial and for mitigation purposes during punishment.

*Standard of Review and Need for a Developed Record*

In order to sustain a claim for ineffective assistance of counsel, the record must demonstrate that: (1) the trial counsel's performance was below an objective standard of reasonableness; and (2) the defendant was thereby prejudiced by the trial counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). It is the defendant's burden to "prove by a preponderance of the evidence that counsel's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that but for counsel's deficiency the result of the trial would have been different." *McFarland v. State*, 928 S.W.2d 482, 500 (Tex.Crim.App. 1996).

Review of counsel's performance is highly deferential, and we must make every effort to eliminate the distorting effects of hindsight. *Wood v. State*, 4 S.W.3d 85, 87 (Tex.App. – Fort Worth 1999, pet. ref'd) (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065). In addition, "[a]llegations of ineffective assistance of counsel must be firmly founded in the record because the reviewing court may not speculate about counsel's trial strategy." *Wood*, 4 S.W.3d at 87 (citing *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994)).

---

the appellate record with documents and evidence filed in another case which were not before the trial court or jury in the instant case, we denied Appellant's motion to compel. Appellant has purportedly recited in his supplemental brief, in whole or in part, the report prepared for use in the other case. Because the report is not a part of the record on appeal, we wholly disregard it.

In part because of the need to ascertain trial counsel's strategy, courts have long recognized that the record on direct appeal is generally insufficient to show that counsel's performance was deficient under *Strickland*; consequently, ineffective assistance claims are usually best addressed by a post-conviction writ of habeas corpus. *Lopez v. State*, 80 S.W.3d 624, 630 (Tex.App. – Fort Worth 2002), *aff'd*, 108 S.W.3d 293 (Tex.Crim.App. 2003) (citing *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex.Crim.App. 1999)).

In the majority of instances, the record on direct appeal is "simply undeveloped" and cannot adequately reflect the failings of trial counsel or "explain any trial strategy" upon which counsel's decisions may have been based. *Id.*; *see also Kennedy v. State*, 402 S.W.3d 796, 799 (Tex.App. – Fort Worth 2013, pet ref'd), *cert. denied*, 135 S.Ct. 752 (2014) ("If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective-assistance claim on direct appeal."); *Hines v. State*, 144 S.W.3d 90, 93 (Tex.App. – Fort Worth 2004, no pet.) ("When the record is silent as to possible trial strategies undertaken by defense counsel, we will not speculate on the reasons for those strategies.").

In the rare case, we may address and dispose of the claim on direct appeal if counsel's ineffectiveness is apparent from the record. *Robinson v. State*, 16 S.W.3d 808, 813 (Tex.Crim.App. 2000). This is a difficult burden as the record must demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning. *Strickland*, 466 U.S. at 690-91, 104 S.Ct. at 2066; *Lopez v. State*, 343 S.W.3d 137, 143 (Tex.Crim.App. 2011).

*Analysis*

Appellant first claims the performance of his trial counsel was deficient because counsel should have investigated an insanity defense. The record shows that Appellant's initial counsel filed a notice of intent to employ an insanity defense based on his history of mental illness.[4] The record is silent, however, concerning whether, and to what extent, Appellant's trial counsel investigated a possible insanity defense. We cannot assume that because the record is silent as to an attorney's investigation of the insanity defense, he or she made no such investigation or that the investigation that was made was deficient. This was the lesson in *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App. 1986). There, the appellant complained of his trial counsel's failure to pursue an insanity defense because of incomplete investigation, which he asserted was warranted due to a psychological report and testimony showing that appellant had consumed a large amount of beer and sniffed paint on the day of the offense. *Id*. at 57. Appellant, however, did not proffer any facts showing that trial counsel failed to thoroughly investigate an insanity defense. *Id*. Admitting that "this is often a difficult thing to do on direct appeal," the Court of Criminal Appeals nonetheless overruled appellant's ineffective assistance claim because they could not "assume that because a record is silent as to the depth of an attorney's investigation of the insanity defense, he made no such investigation." *Id*. Likewise, we cannot assume on a silent record that Appellant's trial counsel failed to make any investigation into a possible insanity defense or that any investigation made was deficient.

---

[4] Appellant also notes that his initial counsel designated an "Enrique Reyes, Phd." as an expert witness, and subpoenaed hospital records. Appellant claims these indicate an ongoing investigation of his insanity defense by his initial counsel. The designation and subpoenas, however, do not show what the expert was to testify about or the purpose or content of the subpoenaed medical records.

Likewise, Appellant cannot show that because his trial counsel did not pursue an insanity defense at trial, their performance was deficient or that he thereby suffered prejudice. The affirmative defense of insanity may not be submitted to the jury unless evidence is admitted supporting the defense. *See* TEX.PENAL CODE ANN. §§ 8.01, 2.04(c) (West 2011). The defendant has the burden to establish the defense by a preponderance of the evidence. *Id*. at § 2.04(d). To establish legal insanity, the defendant must show that, at the time of the charged conduct, he suffered from a severe mental disease or defect which resulted in his not knowing that his conduct was wrong. *Id.* at § 8.01(a).

Appellant has not carried his burden to prove that representation by his trial counsel fell below an objective standard of reasonableness, because there is no evidence in the record showing that Appellant committed the charged offense because he suffered from a mental disease or defect such that he did not know that his conduct was wrong. The only evidence in the record on this issue are two psychological reports concluding that Appellant was competent to stand trial. Thus, the record before us does not show Appellant's counsel could have pursued or obtained the submission of an insanity defense at trial.

Even if we were to conclude that trial counsels' performance was deficient, we do not find a reasonable probability that but for counsels' deficiency the result of the trial would have been different. When insanity is alleged, the focus is on the mental state of the defendant at the time the crime is committed. *Nelson v. State*, 149 S.W.3d 206, 211–12 (Tex.App. – Fort Worth 2004, no pet.). Mere evidence of a mental disease alone is not sufficient to establish legal insanity; instead, the defendant must be mentally ill to the point that he did not know his conduct was wrong. *Plough v. State*, 725 S.W.2d 494, 500 (Tex.App. – Corpus Christi 1987, no pet.). Here,

16

Appellant has pointed to nothing in the record that establishes insanity, much less that he was insane at the time of the offense. *See Nutter v. State,* 93 S.W.3d 130, 132 (Tex.App. – Houston [14th Dist.] 2001, no pet.) (finding that although appellant had a history of extensive psychological problems, that evidence alone was insufficient to establish legal insanity at the time of the offense). When there is no evidence that an appellant was insane at the time of the offense, a counsel's failure to pursue such a defense cannot prejudice the defense. *See Brown v. State*, 129 S.W.3d 762, 767 (Tex.App. – Houston [1st Dist.] 2004, no pet.); *Conrad v. State*, 77 S.W.3d 424, 426–27 (Tex.App. – Fort Worth 2002, pet. ref'd) (cases holding counsel's failure to pursue an insanity defense did not prejudice the defense when despite history of mental illness, there was no evidence showing appellant's insanity at the time of the offense). Accordingly, we reject Appellant's claim of ineffective assistance of counsel. Issue Three is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


                                        STEVEN L. HUGHES, Justice

August 19, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

17