JESS KIRBY v. THE STATE.

No. 3456. Decided March 21, 1906.

**1.—Obstructing Railroad Track—Insanity.**

Upon a trial for placing obstruction on a railroad track, where the evidence showed that the defendant was a boy of 15 years of age, of weak mind and that he was below the average in intellect, there was no error in refusing to submit the issue of insanity.

**2.—Same—Charge of Court—Placing Crime on Third Party.**

Upon a trial for placing obstruction on a railroad track, where the evidence showed that other parties than defendant were seen in such a position as to make it probable under the circumstances of the case that they might be guilty of having placed the alleged obstruction on the railroad track, the court should have submitted a charge that if the jury found from the evidence that other parties committed the offense they should acquit. Following Dubose v. State, 10 Texas Crim. App., 230; Harrison v. State, 83 S. W. Rep., 699.

Appeal from the District Court of Fannin. Tried below before Hon. Ben H. Denton.

Appeal from a conviction for obstruction of railroad track; penalty, two years confinement in the reformatory.

The opinion states the case.

*James H. Lyday* and *J. W. Donaldson,* for appellant.

*Howard Martin,* Assistant Attorney-General, and *W. H. Henson,* for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for placing an obstruction on the railroad track. Exception was reserved to the charge because it submitted the issue of insanity. There was evidence introduced to show that appellant (a boy of 15 years of age) was of weak mind; that he was below the average in intellect. We do not believe that the evidence is of that cogency that authorized the court to submit this issue. Griffith v. State, 9 Texas Ct. Rep., 1029.

The charge is further criticised in that it fails to inform the jury that if they should find from the facts that other parties committed the offense, they should acquit. The witness Wright testified that a few moments before the train ran into the obstruction, he noticed three parties pass along the railroad track in the direction where the cross-ties were placed on the track. These were two negroes and a man the witness took to be a white man, though possibly he may have been a bright mulatto. Outside the confession testified by the officers the testimony against appellant was of a weak and unsatisfactory character. This confession was obtained in a manner that weakens its force. The officers having the little negro under arrest, plied him with many questions, all of which were answered to the effect that he was not guilty, and did not place the ties upon the track. They then informed him, without going into details, that he was telling them a falsehood, and narrated certain movements of his during the evening; when appellant remarked that, "you seem to know all about it, and I reckon I did." They told him that would not do, that he knew whether he placed them there or not, and he must tell them the truth. They finally induced him to state that he did. The ties placed on the track were shown to be heavy, made of oak, weighing 150 to 200 pounds. Appellant, a 15-year-old boy, seems

to be below the average in strength. The testimony further leaves it fairly certain that the ties were picked up from where they were laying off the railroad track and carried and placed on the track. The State's evidence shows in this connection that while possibly a strong man might pick up those ties, carry them and place them on the track, that it usually took two of the men working along the track repairing it, to pick up and handle them; that it was seldom the case that one man was strong enough to do this character of work without the assistance of another. Appellant was a boy below the average in strength for his age: at least these facts were before the jury. Appellant testified in his own behalf, and denied having had any connection with placing the ties on the track, and denied making the confessions testified by the officers. Appellant is not shown to have had any motive for placing the ties upon the track. The theory of appellant was that one of the three men who passed along the track a short time before the obstruction was placed on the track, was a discharged porter from the service of the railway; and that he had taken umbrage at the discharge. We believe, under all these facts that the rule laid down in Dubose's case, 10 Texas Crim. App., 230, followed by an unbroken line of authority should have been given. This rule was again laid down and the Dubose case followed in the late case of Harrison v. State, 83 S. W. Rep., 699. The remaining questions in the case we do not believe of sufficient merit to require revision.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*