NO._____     PD-1199-15

IN THE   TEXAS

COURT OF CRIMINAL APPEALS

AUSTIN,TEXAS

LORENZON CARREON,Appellant

V.

THE STATE OF TEXAS,Appellee

Appeal from the Eigth Supreme
judicial District of Texas
No.08-12-00239-CR
From District Court 120th District
Court El Paso County,Texas
The Honorable Maria Salas-Mendonza,Judge

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 16 2015

Abel Acosta, Clerk

PETITION FOR OUT OF TIME
DISCRETIONARY REVIEW

LORENZO CARREON-PRO SE
#1828049 Polunsky Unit
3872 FM 350 South
Livingston,Texas 77351

INDENTITY OF INTERESTED PARTIES,COUNSEL AND TRIAL JUDGES:

FOR APPELLEE,THE STATE OF TEXAS:

TRIAL COUNSEL: Ms.Tara Flynn Rutledge,Assistant District Attroney
SBOT No.00796560
Ms.Robyn R.Griffith,Assistant District Attorney
SOBT No. 24012738

APPELLATE COUNSEL: Jaime Esparza,District Attorney:

Office of the District Attorney of Texas

500 East San Antonio,Rm. 201

El Paso,Texas 79901

Phone:915-546-2059

FOR APPELLANT.LORENZO CARREON:

TRIAL COUNSEL:

Mateo DeKpatz
SBOT No.05722300

Mr.Paul R. Pinon
SBOT No.24076626

APPELLATE COUNSEL:

Mateo DeKoatz,
SBOT No.05722300

P.O.Box 1886

El Paso,Texas 79950

IDENTITY OF TRIAL JUDGES:

THE Hon. Maria Salas-Mendoza,Judge

120th District COurt

500 East San Antonio,6th Floor

El Paso,Texas 79901

Phone: 915-546-2103

# TABLE OF CONTENTS

PAGE

INDENTITY OF INTERESTED PARTTES........                    ii

INDEX OF AUTHORIES........                     .....   iii

STATEMENT REGARDING ORAL ARGUMENT....          .....   iv

STATEMENT OF THE CASE............              ......  iv

ISSUES PRESENTED.............                  ......  iv

ISSUE ONE: WHETHER THE COURT OF APPEALS ERRED BY
AFFIRMING GROUND ONE OF APPEAL WHERE TRIAL COURT ERRED BY
NOT INSTRUCTING THE JURY ON INSANITY DEFENSE IN ITS CHARGE
TO THE JURY AT THE GUILT PHASE OF TRIAL?

ARGUMENTS........                              ......    1


ISSUE TWO:WHETHER THE COURT OF APPEALS ERRED BY AFFIRMING
GROUND TWO OF APPEAL WHERE TRIAL COURT ERRED BY FAILING
TO SUPPRESS APPELLANT'S INCRIMINATING STATEMENTS.

ARGUMENTS..........                            ......    7
PRAYER........                                 ......   10

# INDEX OF AUTHORIES

PAGE

STATE CASES

Armstrong V. State,718 S.W.2d 686(Tex.Crim.1985)..... 10
Bell V.State.724 S.W.2d 780(Tex.Crim.App.1986)........ 8,9
Berry V. State,58 Tex,Cr.R291,125S.W.580.............. 2
Cato V State,534 S.W.2d at 138........     ....... 5
Coble V.State,871 S.W.2d 192,201-2(Tex.Crim.App.1994.. 3
Crain v.State,315 S.W.3d 43,52)Tex.Crim.App. 2010)...... 7
Duff V. State,751 S.W.2d 175,176(Tex.1988)............ 5
Fuller V.State,423 S.W.2d 924(Tex.Crim.App. 1968)... 2
Gibson V State,726 S.W.2d129,132(Tex.Crim.App.1968)... 2
Green V. State,934 S.W.2d 92,99(Tex.Crim.App. 1996).... 9
Jeffley V. State,938S.W.2d514(Tex.App.---Texarkana1997) 7,10
Kirby V. State,49 Tex.Cr.R. 517,93 S.W. 1030........ 2
Love V.State, 909 S.W.2d 930 (Tex.App. El Paso 1995)... 4
McGee V. State, 155 Tex.Cr.R.  639,238 S.W2d 707..... 2
McKenzie V. State,521 S.W.637 (Ted.Crim.App.1975)... 4
Monge V. State,276 S.W.3d 180          ..... 7
Nutter V. State,93 S.W.3d 130,132(Tex.App.--Hou.1st.Dis.
2001,no pet.) .......                        ..... 3
Pacheco V. State,757 S.W.2d 729(Tex.Crim.App. 1988)... 3,4,
Parker V. State, 206 S.W.3d 593,596(Tex.Crim.App.2006).. 7
Scott, 165 S.W.3d at 43.....                 ...... 10
State V. Steelman, 93 S.W.3d 102,107(Tex.Crim.App.)2002). 7
Stover V. State,100 Tex.Cr.R. 16,271 S.W. 616....... 2
Werck V.State,156 Tex.Cr.R. 50,238 S.W.2d 793... 2
Yelin V. State,751 S.W.2d at 176.......      ..... 5


FEDERAL CASES                                PAGE

Arizona V. Fulminante,499 U.S. 279(1991)..... 10
Brown V. Illinois,422 U.S.590(1975).....       ...... 8
Brinegar V. United States,338 U.S. 160,175,69 S.Ct. 1302 .8
Jackson V. Denno,378 U.S.368(1964)..........  ... 9
Maryland V. Pringle,540 U.S. 366(2003)..... .... 7
Ohio,379 U.S.89(1964)..........            .... 7
Wong Sun V. United States,371 U.S. 471,........ ..... 7

STATUTES                                     PAGE
TEX.CODE.Ann.Section 8.01 (A)(Vernon Supp. 2001)... 1,2
TEX.CODE. Crim.Proc. Ann. Art. 46.03(Nernon Supp. 2001).. 1,2

## STATEMENT REGARDING ORAL ARGUMENT

Appellant is proceeding Pro se and waive oral arguments.

## STATEMENT OF THE CASE

APPELLANT, Lorenzo Carreon was charged by indictment with murder. Rr5 10-11. The jury found Appellant guilty.Rr8 59. Jury assessed punmishment at 60 years of confinement. Rr9 66.

## STATEMENT OF PROCEDURAL HISTORY

The court of Appeal Eighth District of Texas El Paso,Texas issued an Opinion affirming the conviction on August 27,2014.

No rehearing was filed nor PDR due to the lack of legal assistance.

## ISSUES PRESENTED

WHETHER THE COURT OF APPEALS ERRED BY AFFIRMING GROUND ONE OF APPEAL WHERE TRIAL COURT ERRED BY NOT INSTRUCTING THE JURY ON INSANITY DEFENSE IN ITS CHARGE TO THE JURY AT THE GUILT PHASE OF TRIAL.

WHETHER THE COURT OF APPEALS ERRED BY AFFIRMING GROUND TWO OF APPEAL WHERE TRIAL COURT ERRED BY FAILING TO SUPPRESS APPELLANT'S INCRIMINATING STATEMENTS.

NO._____

IN THE TEXAS
COURT OF CRIMINAL APPEALS
AUSTIN,TEXAS

LORENZO. CARREON,Appellant

V.

THE STATE OF TEXAS,Appellee

RULE 2 SUSPENION MOTION

TO THE COURT OF CRIMINAL APPEALS:

Comes now respectfully,LORENZO CARREON,Appellant in the above styled and numbered cause whom are proceeding in Pro se files and submit this his Rule 2 Suspenion Motion,and in support,the Appellant will show:

Appellant is confined within the Texas Department of Criminal Justice and do not have a way to make additional copies as required by the court,and respectfully ask of this court to suspend the rule requiring additional copies.

WHEREFORE,PREMISES CONSIDERED,Appellant prays that the court will grant this motion.

ON THIS THE _17_ DAY OF _August_,2015.

RESPECTFULLY SUBMITTED,

*Lorenzo Carreon*

LOENZO CARREON
Polunsky Unit
3872 FM 350 South
Livingston,Texas 77351

NO._____

IN THE TEXAS
COURT OF CRIMINAL APPEALS
AUSTIN,TEXAS


LORENZO CARREON,Appellant


V.


THE STATE OF TEXAS,Appellee
_____


PETITION FOR OUT OF TIME
DISCRETIONARY REVIEW
_____


TO THE COURT OF CRIMINAL APPEALS:

Comes now respectfully,Lorenzo Carreon,Appellant in the above styled and numbered cause proceeding in Pro se.files and submits this his Petition For For Out of Time Discretionary Review,under Texas Rules of Appellate Procedure Rule 68.1 and in support, shows in the following:


I.

### GROUNDS FOR REVIEW ONE

WHETHER THE COURT OF APPEALS ERRED BY AFFIRMING GROUND ONE OF APPEAL WHERE TRIAL COURT ERRED BY NOT INSTRCUTING THE JURY ON INSANITY DEFENSE IN ITS CHARGE TO THE JURY AT THE GUILT PHASE OF TRIAL.

### ARGUMENTS

The affirmative defense of insanity applies if "at the time of the conduct charged,the actor,as a result of severe mental disease or defect, did not know that hisconduct was wrong."Tex. Pen. Code Ann. Section 8.01(a)(Vernon Supp. 2001). The insanity defense provided in Section 8.01 of the Penal Code shall be submitted to the jury if supported by competent evidence." Tex. Code Crim. Proc. Ann. art. 46.03 (Vernon Supp. 2001). If evidence from any source raise the issue of  insanity, the trial court

1.

must include an instruction on this defense in the jury charge. Gibson V. State,726 S.W.2d 129,132 (Tex.Crim.App. 1987).

Every person is presumed to be sane and to have sufficient judgment and reason to be responsible for his acts until the contray is established. Fuller V. State,423 S.W.2d 924,925(Tex.Crim. App. 1968). It is by reason of this presumption that the law casts upon one relying on insanity as a defense to a crime the burden of establishing by a preponderance of the evidence that his intellect was so disordered that he did not know the nature and quality of the act he was doing,or if he did know that he was unable to distinguish between the right and wrong as to the particular act charged. Fuller, citing Wenck V. State,156 Tex.Cr.R. 50, 238 S.W.2d 793. Therefore, mere mental deficiency or derangement, though it may constitute a form of insanity known to and recognized by medical science, does not excuse one for crime. Fuller,citing McGee V. State,155 Tex.Cr.R. 639, 238 S.W.2d 707.

Because the issue of insanity at the time of the commission of the offense is primarily a defensive one, it ordinarily should be raised during the course of the trial.

In the case at bar, Appellant properly raised the issue. If such issue is properly raised by competent evidence,the court must charge the jury on the insanity defense. Artilce 46.02,Sec.2 (c)(1), Vernon's Ann. C.C.P.; Berry V. State,58 Tex.Cr.R. 291, 125 S.W. 580. Under such circumstances,reversal will follow if the court fails to provide the requested charge. See Stoner V. State,100 Tex.Cr.R. 16,271 S.W.616. Appellant submits that his request for the insanity defense instruction to the jury was proper and based upon legally competent evidence.See statement of facts. "Id. In the case at bar,the jury was exposed to more than 16 intsances of lay witness supporting insanity instructions. Mere proof that an accused was not bright or was of weak mind does not raise the issue of insanity.Fuller,citing Kirby V. State,49 Tex.Cr.R. 517, 93 S.W. 1030.

It is the jury's duty, under proper instructions, to determine whether the evidence is credible and supports the defenseive issue. Id,citing Moore V. State, 574 S.W.2d 122 (Tex.Cr.App. 1978). When considered with the facts and circumstances concerning an accused and the offense, lay opinion testimony may be sufficent to raise the defense of insanity. Pacheco V. State, 757 S.W.2d 729 (Tex.Crim. App. 1988). In the case at bar, the jury was presented with copious lay opinion testimony supporting that Appellant suffered from menatl illness and was insane at the time of the offense.

The existence of a mental disease,alone,is not sufficient to establish legal insanity; rather accused must show some evidence that he was mantally ill at the time of the offense to the point that he did not know his conduct was wrong. Plough V. State,725 S.W.2d 494,500 (Tex.App.-Corpus Christi 1987,no pet.). In Nutter V. State,93 S.W.3d 130, 132 (Tex.App.--Hous.[14th Dist.] 2001,no pet.), the grocery store clerk testified that at the time of the robbery, that defendant appeared clam and not intoxicated or irrational in his behavior. Additionally,the clerk further testified that  at the time of the defendant commanded her to fill the grocery bag with money and, throughout the entire episode, he appeared clam and did not appear "crazy" or as though he did not know who he was or what he was doing. In fact, the evidence showed,according to the court, that as soon as the defendant had the bag of money, he fled the scene and left the State. Id.Because the defendant attempted to evade arrest,that court reasoned, there was evidence that he knew that his conduct was wrong. See Nutter,citing Plough,725 S.W.2d at 500 (holding that attempts to conceal incriminating evidence and to elude officers indicate awareness of wrongful conduct). Thus,that court found the conduct not tending to suggest that he was insane at the time of the offense. See Nutter,citing Coble V. State,871  S.W.2d 192,201-2(Tex.Crim.App. 1994))(holding that the defendant was not entitled to instruction on insanity because evidence showed he was not irrational either during or after the offense). In the instant case, the record does not tend to demonstarte that Appellant attempted to conceal

3.

incriminating evidence or to elude officers the time of the offense. To the contrary, the record depicts Appellant living, sleeping, drinking alcohol, and remaining in the same clothing, in a blood spattered apartment, with the dead body. he did not attempt to leave. He cleaned neither his aprtment nor his person. His telephone conversations with his brother began with small talk. In fact, any evidence tending to suggest concealment of criminality happened only after the offense. The burning of the body was determined to be post-mortem by Dr.Contin. In other words, even if the burning of the body is to be interpreted as evidence of concealment, it is also evidence of complete insnaity- burning a body in the middle of an apartment.

in Jeffley V. State, 938 S.W. 2d 514 (Tex.App.---Texarkana 1997, no pet.), the defendant requested a jury instruction on the insanity defense, and the trial court denied the request. the reviewing court noted that "if the evidence from any source raised the issue of a defensive theory, it must be included in the court's charge." Jeffley, citing Gibson V. State, 726 S.W.2d 129,132 (Tex.Crim. App. 1987)(op. on reh'g). Failure to do so is reversible error. Id, citing McKenzie V. State 521 S.W.2d 637 (Tex.Crim. App. 1975). The defendant there contended that "the insanity defense was raised by his testimony that he was upset and nervous, that he could not remember the events surrounding the charge, and according to the psychologists hypothetical testimony, that loss of memory was a possible result of insanity."Jeffley at 514. Though that court recognized that lay opinion testimony, when considered with facts and circumstances concerning an accused and the offense, may suffice to taise the issue of insanity (citing Pacheco V. State, 757 S.W.2d 729,736 (Tex.Crim. App. 1988), it held that "being upset and nervous under these circumstancs was not inconsistent with sanity. A defenat's nervousness is insufficient to show insanity." Jeffley citing Love V. State, 909 S.W.2d 930 (Tex.App.-El Paso 1995, pet. ref'd).

In the case at bar, unlike in Jeffley, the lay witness evidence received by the jury went beyond a depiction of mere nevousness and being upset. In the instant case, Appellant was yelling and cussing to himself on the night of the incident.(August 1,2010), acting "crazy" and "10-7" by most accounts. Appellant had a history of mental illness,the use of psychotropic medication, alcoholism, and abuse since youth. See Statement of fact.

In cato V. State,534 S.W.2d at 138, the defendant testified that the last thing he remembered about the events that occurred before the strangling of his wife was that he was arguing with her, that she was yelling at him, and that she struck him. The next thing he remembered was that the victim had a wire,cord, or belt tied around her neck.The Court of Criminal Appeals held The Court of Criminal Appeals held that no insanity instrudtion was required under this testimony. See Jeffley.
In this case at bar, in addition to experiencing memory loss to experiencing memory loss and an alcoholic blackout,Appellant was behaving in an abnormal way before, during,and after the offense. See Statement of facts.
Unlike the records in Nutter,Cato, and Feffley, our record in-dicates beer bottles, covered in blood, and where Appellant and the burnt decedent had remained for days. Appellant yelled and cussed to himself. He paced around outside. He did not flee. He had small-talk conversations prior to disclosing that he had killed someone.He was 10-7.

Appellant argues herewith that the trial court's refusal to instruct the jury on the defense of insanity amounted to reversi-ble error. The Texas SUpreme Court has determined that proof of mere possibilities in a civil case will not support the sub-mission of an issue to the jury,Duff V. State,751 S.W.2d 175, 176 (Tex.1988), and that the burden of proof on sanity issue in a criminal case is by a preponderance of the evidence,the same as would be required in a civil case. Tex.Crim.Proc.Code Ann art 47.03,Section 1(c)(Vernon Supp. 1997). Testimony that something could have occurred amounts to no evidence. See Duff V. Yelin,751 S.W.2d at 176. Appellant argues that in this case,

5.

the sixteen articles of evidence(enumberated,supra), and the great weight of the record,tended to prove Appellant's insanity at the time of the commission of the offense and amounted to more than a mere possibility that his mental disabilites and surrounding circumstances had rendered him insane. More specifically,Appellant argues that the insanity defense was a factual defense supported by competent proof and which required the trial court to submit a defensive instruction to the jury. See Jeeffley V. State,938 S.W.2d 514,515-17(Tex.App.--Texaskana 1997,no pet.). Because the trial court denied Appellant's requested charge on the insanity defense,and because there was some evidence,that is,competent lay-witness testimony supporting the issue. Appellant argues that he was deprived of his right to a fair trial.And the Court of Appeals Erred in denying relief.

6.

## GROUND FOR REVIEW TWO

WHTHER THE COURT OF APPEALS ERRED BY AFFIRMING GROUND TWO OF APPEAL WHERE TRIAL COURT ERRED BY FAILING TO SUPPRESS APPELLANT'S INCRIMINATING STATEMENTS.

## ARGUMENTS

The trial court failed to suppress fruits of Appellant's illegal arrest. The"fruit of the poisnous tree" doctrine generally precludes the use of evidence,both direct and indirect, obtained following an illegal arrest. Monge V. State,276 S.W.3d 180,citing Wong Sun V. United States,371 U.S. 471,484,83 S.Ct 407,9 LEd.2d 441 (1963). At the suppression hearing,Appellant argued that he was arrested without warrant and as a result, all evidence resulting therefrom should be suppressed. He argues such herewith and concomitantly urges that no attenuation existed to purge the taint of the warrantless arrest.See Wong Sun V. United States supra.

### A. APPELLANT WAS ARRESTED WITHOUT WARRANT.

The Fourth Amendment to the United States Constitution protects citizens from unreasonable searches and seizures at the hands ]of government officials. Crain V. State, 315 S.W.3d 43,52 (Tex.Crim.App. 2010). probable cause for a warrantless arrest exist if,at the moment the arrest is made,the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthly information are sufficient to warrant a prudent man as believing that the person arrested had committed or was committing an offense. Beck V. State of Ohio, 379 U.S. 89,91,85 S.Ct 223,225, 13 L.Ed.2d 142(1964): Parker V. State, 206 S.W.3d 593,596 (Tex.Crim.App. 2006).An offense is deemed to have occurred within the presence or view of an officer when any of his senses afford him an awareness of its occurrence.State V. Steelman, 93 S.W.3d 102,107(Tex.Crim. App. 2002).The test for probable cause is an objective one, unrelated to the subjective beliefs of the arresting officer, Maryland V. Pringle, 540 U.S. 366,371,124 S.Ct 795,800,157 L.Ed.2d 769 (2003). A finding of probable cause requires more than bare suspicion but less than...would justify...

conviction. Brinegar V. United States,338 U.S. 160,175,69
S.Ct 1302,1310,93 L.Ed 1879 (1949).

In this case at bar the record indicates that police officers
were dispatched reagrding a "subject with a knife". When they
arrived,they observed Appellant sitting and smoking a cigarette.
They slapped Appellant's face, and took Appellant down. The
police neither had a warrant when they arrested Appellant,nor
did they know whether there was a body in the apartment
nor did they have probable that any crime had been committed.
See records from suppressing hearing.

## B. THE EVIDENCE WAS NOT SUFFICIENTLY
## ATTENUATED TO PURGE THE TAINT.

The evidence was not sufficiently attenuated to purge the taint.
Evidence that is sufficiently attenuated from the unlawful arrest
is not considered to have been obtained therefrom. Monge V.
State,citing Sims V.State,84 S.W.3d 805,810(Tex.App.-Houston
[1st Dist.] 2002,no pet.).The prosecution carries the burden
of proving attenuation.Monge,citing Brown V. Illinois,422 U.S.
590,604,95 S.Ct 2254,45 L.Ed 2d 416 (1974).In deciding whether
appellant's confession,which Appellant asserts was giving follow-
ing his illegal arrest,was sufficiently attenuated as to permit
the use of the confession at trial,a reviewing court considers
the following factors:

(1)whether Miranda warning were given;
(2)the temporal proximity of the arrest and the confession;
(3)the presence of intervening circumstances;and
(4)the purpose and flagrancy of the official misconduct.

Monge citing Brwon,422 U.S. at 603-04,95 S.Ct 2254; Bell V. State
724 S.W.2d 780,788 (tex.Crim.App. 1986).

The reviewing court will apply each of the factors,in turn,to
the evidence adduced at the suppression hearing.See Monge.

## C.PURPOSE AND FLAGRANCY OF OFFICIAL MISCONDUCT.

Skipping to the fourth Brown factor due to length of PDR,in which the courts examine the extent of law-enforcement misconduct,is one of the most imporant considerations in an attenuation analysis.See Bell,724 S.W.2d at 789,709 S.W.2d at 668. When official misconduct is elevated to require the clearest indications of attenuation.See Bell,724 S.W.2d at 789.

In arguing flagrancy of the police misconduct,Appellant reminds the court of the following: Appellant had been tased at least two(maybe "four or five") times; Police officers believed Appellant to be 10-7,basically...not all there;Appellant had not slept,drank alcohol(He was suffering from alcohol withdraws), or eaten while in custody all night;the interviewiing detectives were aware that Appellant suffered from depression and some other illnesses; Appellant's family had made the interviewing detectives aware of Appellant's mental health history and related "assessments;Detective Posada felt that he was slow,maybe depressed...was an alcoholic,was sweaty,was experiencing a dip in blood-sugar level,and asked for some sugar.Jackson V. Denno, 378 U.S. 368,84 S.Ct 1774,12 LE.2d 908 (1964).

Appellant distinguishes the facts of the instant case from the police conduct involved in Bell,in which the arresting officer believed that a warrant exception applied. See Bell,724 S.W. 2d at 785-87. In the case at bar,Appellant was the subject of a waarantless arrest that did not fall within any of the recognized exceptions. The State's rational for the warrantless arrest is not contained in the record. Further, for the aforementioned reasons,the tain of such warrantless arrest was not purged and inculpatory statement(s) by Appellant were unattenuated.

Therefore,the Appellant argues that the Court of Appeals erred in failing to agree that the trial court erred in failing to suppress the confession.

Appellant asserts that he confessed to decedent's murder only after his will was overborne by more than nine hours of physical and mental coercion. A confession in involuntary or coerced if the totality of the circumstances demonstrates that the confessor did not make the decision to confess of his own free will. Green V. State,934 S.W.2d 92,99 (tex.Crim.App.1996)

(citing Arizona V. Fulminante,499 U.S. 279,285-86,111 S.Ct 1246, 113 L.Ed 2d 302 (1991).A reviewing court determines whether a confession was voluntary under the due process Clause of the Fourteenth Amendment by examining the totality of the circumstances surrounding its acquisition.Id,citing Armstrong V.State, 718 S.W.2d 686,693(Tex.Crim.App. 1985):Scott,165 S.W.3d at 43.

Appellant points to a number of factors which he alleges acted in combination to render his confession involuntary. He points to the duration of the custody and interrogation. The record indicaites that Appellant was at around 7:00 p.m.,subject to three "initial investigation(s)" until admitting his guilty on video shortly after 4:30 a.m. Appellant,there were also long periods where Appellant was left isolated in a holding cell. Appellant, at the time an active alcoholic,also stresses that he was without sleep,alcohol,and food for that lengthy periods of time. It was only after he admitted to the murder that Appellant (was) given a pop tart. See Vasquez,above.

WHEREFORE,PREMISES CONSIDERED,Appellant prays that the Court of Criminal Appeals will grant this Out of Time Petition For Discretionary Review and the relief that he seeks.

ON THIS THE 17 DAY OF August 2015

RESPECTFULLY SUBMITTED,

*Lorenzo Carreon*

LORENZO CARREON
Polunsky Unit #1963496
3872 FM 350 South
Livingston,Texas 77351